| 84 | 141 |
| 93 | 210 |
| 84 | 141 |
| 94 | 588 |
| 84 | 141 |
| 95 | 143 |
| 84 | 141 |
| 97 | 302 |
| 84 | 141 |
| 100 | 196 |

# South & North Ala. R. R. Co. *v.* Donovan.

*Action by Parent against Railroad Company for Personal Injury to Child.*

1.  *Railroad company; running train within limits of city or town; injury to person on track.*—It is the duty of railroad employes running a train within the corporate limits of a city or town, where necessity may compel or usage sanction walking upon the track at places other than at public crossings, to keep a vigilant outlook, even for trespassers.

2.  *Same; rate of speed of train within city.*—Running a railroad train through the corporate limits of a city at a greater rate of speed than that prescribed by the city ordinance, where the ordinance is not shown to be unreasonable, is *per se* culpable negligence.

3.  *Same; injury to child on track; proximate or remote cause of injury.* In an action against a railroad company for personal injury to plaintiff's minor child while trespassing on defendant's track, where there was evidence that when the child went on the track, he looked both ways, and saw no train approaching, it is a question for the jury whether the father's act, in allowing the child to go on the track was the proximate or remote cause of the injury.

4.  *Action by parent for injury to child; former recovery by child.*—A recovery for an infant by next friend against a railroad company for personal injury was not prior to act of January 23, 1885, Code of 1886, § 2588, a bar to an action for the same injury by the father for his own benefit.

APPEAL from Circuit Court of Jefferson.

Tried before the Hon. LEROY F. Box.

This was an action against the South & North Alabama Railroad Company by James Donovan, father of William Donovan, for personal injuries to the said William, who was run over by a train of cars in the corporate limits of Bir-

mingham. The child was under ten years of age; was in the habit of crossing the railroad track at the place where he was injured as he went to and fro to carry dinner to his father; was on the track when struck and looking in the opposite direction from the train of cars, which consisted of coal cars and a locomotive, and the locomotive was in rear of the cars and pushing them backward at a greater rate of speed than four miles per hour. An ordinance of the city of Birmingham prohibited, under penalties, the running of locomotive engines, within the corporate limits, at a greater rate of speed than eight miles per hour when running forward, and *four* miles per hour when running *backward*, and required the usual signals to be given continuously by ringing the bell or otherwise, when locomotives or trains were being run in the city. The place where the injury occurred was not a public crossing, but the evidence showed that many people walked on and beside the railroad track about there. Evidence as to giving of signals by the approaching train was conflicting, as was also the evidence as to how long the boy had been on the track when struck, defendant's testimony being that the boy was walking along by the side of the track and stepped thereon when the train was only thirty feet behind him.

Defendant filed several pleas; the first plea set up that "said infant son was trespassing upon defendant's railroad track at a point where there was no public crossing and where he had no right to be and where the defendant had the exclusive right to its railroad tracks; and defendant avers that so soon as its employes discovered that said infant son of plaintiff was on its track and in a place of danger, its engineer reversed the engine, blew the alarm whistle, and its other servants applied the brakes, and all that could be done to avert the injury was done by its employes and servants." Plaintiff demurred to this plea on the ground, 1st, that "said plea shows on its face that defendant and its servants or employes in charge of said locomotive and train of cars did not do all that could have been done to avert the injury complained of;" 2d, that "said plea fails to show whether or not defendant and its servants did use all the means in their power to avert the injury." The court sustained this demurrer. The substance of the 2nd plea appears in the opinion. The demurrer thereto was that "said plea shows on its face that the plaintiff in the present action is not barred of his right to maintain the suit."

The third plea set up that William Donovan, the son, was guilty of contributory negligence which contributed proximately to the injury complained of and averred that the injury was not inflicted by defendant, or its employes, wilfully, wantonly, or intentionally. The fourth and fifth pleas set up that James Donovan, plaintiff, was guilty of contributory negligence in permitting his son to be on and about defendant's railroad track not at a public crossing and where the son had no right to be, and that his contributory negligence contributed proximately to the injury complained of and averred that the injury was not inflicted wilfully, wantonly, or intentionally. The demurrer to these pleas was overruled.

At the request of plaintiff the court gave the following charges:

1. "If the jury believe from the evidence that defendant's car that caused the injury was at the time being run through a populous city at a place where many persons were accustomed to walk along and across the track of defendants' railroad, then it was the duty of the defendants' company or its agents or servants in charge of the train to *keep a lookout* for persons upon the track, and if they failed to do so, they were guilty of negligence."

2. "If the jury believe from the evidence that the defendants' train was being run at the time of the injury at a *greater rate of speed* than is *prescribed by the city ordinance* which is in evidence, then such running of said train at such rate of speed would be negligence."

The court refused to give each of the following charges requested by the defendant:

1. "If the jury believe from the evidence that plaintiff's infant son William Donovan was of such tender years that he did not have sufficient discretion to know that it was dangerous to stand or walk on a railroad track, or not sufficient discretion to avoid danger, and if the jury further believe from the testimony that the plaintiff knew that it was dangerous for his said infant son to stand or walk on the track of the railroad to the point where the path crosses the road tracks opposite twenty-first street, and if the jury further believe from the testimony that the plaintiff knew that the said son William Donovan was in the habit of going up the tracks of the said railroad to said point where he would bring his dinner to him, plaintiff, and had taken no steps to prevent his said son from doing so, then plaintiff was guilty

of such negligence as will prevent a recovery in this cause; if the jury further believe from the testimony that the injury to plaintiff's son would not have happened if plaintiff had not been guilty of such negligence, unless the jury further believe from the testimony that the injury to said William Donovan was intentionally, wantonly, recklessly or wilfully inflicted."

2. "If the jury believe from the evidence that the plaintiff's boy William Donovan went upon the railroad track of defendant at a point where there was no public crossing, and where the defendant had the exclusive right to its road track so near to the approaching train of defendant that preventive effort could not avoid the injury, then the plaintiff can not recover in this action."

3. "If the jury believe from the evidence that plaintiff's infant son, Wm. Donovan, at the time of the alleged injury, had sufficient discretion and understanding to know that it was dangerous to stand or walk on the railroad track at the point he was injured, and had sufficient understanding and discretion to have avoided said injury, provided he had exercised such discretion and understanding to the extent of which he was capable, and that if he had so exercised his said discretion to the extent he was capable, the injury would not have happened, then the plaintiff can not recover unless the jury further believe from the evidence that the injury was inflicted wantonly, recklessly, intentionally or wilfully by defendants' employes."

4. "That if the jury believe from the evidence that plaintiff's son, Wm. Donovan, stepped upon defendant's said railroad track in front of the cars at a point where there was no public crossing, and where the defendant was entitled to the exclusive use of its railroad track, and that defendant's employe, Loyd, saw the boy the moment he stepped upon the track and immediately gave a signal to the engineer to stop the train, and that defendant's engineer immediately reversed his engine, and the brakes were applied, and all was done that could have been done by defendant's employes to avert the injury to the boy, then plaintiff can not recover in this action.

HEWITT, WALKER & PORTER, and JONES & FALKNER, for appellant.—Demurrer to the first plea of appellant should not have been sustained. Party demurring must set out causes of demurrer.—*Sessions v. Boykin*, 78 Ala. 328; *P. M.*

& M. Ins. Co. v. Selma Savings Bank, 63 Ala. 585; Sloan
v. Frothingham, 65 Ala. 593; Humphreys v. Burleson,
72 Ala. 1; Colton v. Rutledge, 33 Ala. 110. The plea is
good.—M. & O. R. R. Co. v. Stroud, 2 Southern Rep. 171;
Frazer v. S. & N. Ala. R. R. Co. 81 Ala. 185; McAlister v.
B. & N. W. R. R. Co. 19 Am. & Eng. R. R. Cases, 108; L. & N.
R. R. Co. v. Green, 19 Am. & Eng. R. R. Cases, 95; Terre
Haute & I. R. R. Co. v. Graham, 12 Am. & Eng. R. R. Cases,
77; E. T. & V. R. R. Co. v. King, 2 Sou. Rep. 152; St. L. I.
M. & S. R'y Co. v. Monday, S. W. Rep. 782; L. R. M. R. &
V. R. R. Co. v. Haynes, 1 S. W. Rep. 744; Williams v. S.
P. R. R. Co. 13 Pac. Rep. 219; Scheffler v. I. R. R. Co.
19 Am. & Eng. R. R. Cases, 173; Leary v. Cleavland, 3 Am.
& Eng. R. R. Cases, 498; Calley v. P. R. R, Co. 2 Am. &
Eng. R. R. Cases, 4; Moore v. Penn. R. R. Co. 4 Am. &
Eng. R. R. Cases, 569. The cause of demurrer assigned to
second plea is but a general demurrer and should for that
reason be overruled.—Grinsett v. Henderson, 66 Ala. 522;
M. & M. R. R. Co. v. Crenshaw, 65 Ala. 566. As to city
ordinance: B. & O. R. R. Co. v. State of Maryland, 19 Am.
& Eng. R. R. Cases, 83. First charge requested by appel-
lant should have been given—83 Ala. 81; 2 Am. & Eng. R.
R. Cases, 4; Ib. 12; 28 Eng. & Am. R. R. Cases, 97. Third
charge requested by appellant was correct—81 Ala. 185; R.
R. Co. v. Stout, 19 Wall. 657. Fourth charge requested by
appellant should have been given.

JAMES WEATHERLY, contra.—Demurrer to plea No. 1 was
properly sustained. The only preventive effort, or precau-
tion used or duty performed, averred in the plea, was after
the child was seen on the track. The demurrer raises the
issues, 1st, whether or not persons in charge of railroad en-
gines and cars when running through a populous city, can
reasonably neglect the precaution of keeping a lookout for
persons upon the track.—S. & N. R. R. Co. v. Sullivan,
59 Ala. 272; S. & M. R. R. Co. v. Shearer, 58 Ala. 678;
23 Am. & Eng. R. R. Cases, 308, note; Frazer v. S. & N.
R. R. Co. 81 Ala. 185, 195; 2d, whether or not persons in
charge of railroad trains, when they discover an infant of
tender years in dangerous proximity to the track and appa-
rently unaware of danger, can wait until such infant is upon
the track before warning him of danger or using other pre-
cautions to avoid injury.—R. R. Co. v. Crenshaw, 65 Ala.
566; Gov't St. R. R. v. Hanlein, 53 Ala. 70; 25 Am. & Eng.

R. R. Cases, 543, note, *"injury to child,"* *Frazer's Case,*
81 Ala. 185, 195, 198. The plea leaves out of sight the neg-
ligence of defendant's servants in running the train at an
illegal rate of speed prior to the time when the boy was seen
on the track. Demurrer to 2d plea was properly sustained.
The first charge given at plaintiff's request is sustained by
*Sullivan's Case,* *Shearer's Case,* and *Frazer's Case,* *supra.*
The second charge of plaintiff is sound.—*Gothard v. Ala.
Gt. S. R. R. Co.* 67 Ala. 114, 120. The court properly re-
fused the charges requested by defendant.

SOMERVILLE, J.—The plea of the defendant numbered
*one* was defective in failing to aver that the employees in
charge of the train used proper diligence in keeping a look-
out for obstructions on the track, including in this case, the
plaintiff's son, for whose injury the father brings the pres-
ent action, The plea avers that the infant son was trespass-
ing upon the track, at a point where there was no public
crossing, to which the defendant company had the exclusive
right, and that so soon as its employes *discovered* the boy all
available preventive measures were adopted to avert the in-
jury. This plea admits the averments of the complaint that
the alleged trespass occurred within the corporate limits of
the city of Birmingham, and that the train was running at a
rate of speed in excess of that prohibited by an ordinance of
the city. It rests, therefore, upon the idea that there is no
duty devolving on a railroad company, under these circum-
stances, to keep *any lookout* for trespassers who walk upon
or cross its track at any other place than public crossings,
even within the corporate limits of a city—it may be a pop-
ulous city, and within the business portion of it, where ne-
cessity may often compel this kind of trespassing; or com-
mon usage give color of sanction to it under the form of an
implied license. Railroad companies operated by steam
power are required to use very great care, and this care
must be graduated to suit the exigency of increased danger,
whether to employes, passengers, or the public. We can
not say that it was not the duty of the persons who were
managing the train, under the circumstances of this case, to
keep a vigilant outlook even for trespassers, and that a fail-
ure to do so would not be negligence. The decisions of this
court support the contrary conclusion, at least where the in-
jury occurs in the streets of a city, town or village. What
the rule would be where a naked trespasser on the track is

injured in the open country, or elsewhere, by the failure of the railroad engineer to keep a vigilant lookout, is an open question in this State, upon which we now express no opinion.—Code, 1886, § 1144; *S. & M. R. R. Co. v. Shearer*, 58 Ala. 672, 678; *S. & N. Ala. Co. v. Sullivan*, 59 Ala. 272; *Frazer v. S. & N. Ala. R. R. Co.* 81 Ala, 185; *Freer v. Cameron*, 55 Amer. Dec. 674, *note*.

The demurrer to this plea was sufficient to raise the point, and it was properly sustained. And for like reason the first charge given by the court, at the request of the plaintiff, was free from error.

2. When the present action was commenced, in January, 1884, prior to the act of January 23, 1885 (Code of 1886, § 2588), two separate and distinct suits would lie for the injury alleged in the complaint—the one for the benefit of the *infant* himself, which could be brought by his next friend, and the other for the benefit of the *father*, based on the loss of the infant's services, and such other special damages as may have resulted from the injury inflicted.—*Pratt Coal & Iron Co. v. Brawley*, 83 Ala. 371; *Propst v. Ga. Pac. R'y. Co.*, 83 Ala. 518. The recovery of the infant, therefore, in the suit brought in his name, by the plaintiff as his next friend, which is set up in the second plea as a bar to the action, was no defense to this action brought by the father for the same injury, but for his own benefit. The court ruled correctly in sustaining the demurrer to this plea.

3. The court correctly charged the jury that the running of a railroad train, operated by steam power and running through the corporate limits of a city, at a greater rate of speed than that prescribed by the city ordinance, which was in evidence, would be negligence. The precise question was decided in *Gothard v. Ala. Gr. So. R. R. Co.*, 67 Ala. 115, and that decision is sustained by an overwhelming weight of authority, it being held generally that a failure to comply with any regulation imposed by a city ordinance, and not shown to be unreasonable, is *per se* culpable negligence on the part of a railroad company. The rule is as applicable to trespassers as to others, being in the nature of a police regulation, favorable to the preservation of life and limb, and based on a duty towards the public, who have a right to act upon the belief that such an ordinance will be observed by railroads generally. It can not be said that railroad companies are under no obligations to take precautions to prevent injuries to intruders, especially when these precautions

are required by law for the benefit of the public generally. *Meeks v. So. Pac. R. R. Co.*, 38 Amer. Rep. 67, 70; *Freer v. Cameron*, 55 Amer. Dec. 674, *note;* Thomp. on Neg. 419, 1232; Shearman & Redfield on Neg. §§ 484, 485; *Penn. Co. v. Hensil*, 70 Ind. 569; 36 Amer. Rep. 191; *Correll v. Railroad*, 38 Iowa, 120; 18 Amer. Rep. 22.

4.   The first charge requested by the defendant was properly refused for two reasons.   (1) It withdrew from the consideration of the jury all inquiry as to whether or not the employes of the defendant, in the management of the train, could by the exercise of reasonable care and prudence have averted the injury, either by keeping a vigilant outlook, giving the proper signals required by law, or by conforming to the requirement of the city ordinance regulating the speed of the train.   (2) It pronounced the conduct of the plaintiff, in allowing his son to go on the track, negligence *per se*, in any aspect of the evidence, and without regard to any inquiry as to the remoteness of the danger on the one hand, or its imminency on the other.   To disentitle the plaintiff to recover, the negligence which on his part contributes to the injury must be *proximate* and not *remote.—Meeks v. So. Pac. R. R. Co.*, 56 Cal. 513; 38 Amer. Rep. 67, 70; *Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 185.   In the plaintiff's aspect of the case, this was a question properly for the consideration of the jury, the plaintiff's evidence tending to show that, when the boy went on the track, he observed no trains approaching, after looking in both directions.

The charge is not so broad as the averments of the fourth and fifth pleas, upon which the plaintiff took issue.

5.   The second charge was liable to the same objections the first plea was, to which, as we have seen, a demurrer was properly sustained.   These objections we need not repeat.

The third and fourth charges were properly refused, being faulty in the particulars above suggested as rendering the first charge erroneous.

The rulings of the court are, in our opinion, free from error, and the judgment is affirmed.

CLOPTON, J., not sitting.