# WOOSTER v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

|  |  |
|---|---|
| 74 | 593 |
| 113 | 362 |
| 74 | 593 |
| 116 | 88 |
| 74 | 593 |
| f133 | 189 |

1. **Bill of Exceptions**: SKELETON : IDENTIFYING EVIDENCE. The "skeleton" bill of exceptions in this case referred to the evidence to be inserted therein as follows : " Here insert plaintiff's evidence." " Here insert evidence of defendant." *Held* that a motion to strike the evidence inserted under such directions from the files must be sustained, because the evidence to be inserted was not identified, nor any source indicated from which it should be obtained. (See opinion for cases followed.)

2. **Railroads**: INJURY TO CATTLE ON TRACK: RECOVERY NOTWITHSTANDING CONTRIBUTORY NEGLIGENCE. A person who drives his cattle over a railroad crossing without looking or listening for a train is guilty of negligence ; but where the cattle are killed by a train, and it is shown that the company's employes, by the use of ordinary care and prudence, could have avoided the injury after discovering the danger, a recovery cannot be defeated on account of the owner's contributory negligence. (See *Morris v. Chicago, B. & Q. Ry. Co.*, 45 Iowa, 29.)

*Appeal from Jones District Court.* — HON. J. H. PRESTON, Judge.

FILED, JUNE 5, 1888.

THIS is an action at law for the recovery of damages for killing and injuring certain cattle, the property of plaintiff, by the alleged negligence of defendant's employes in running and operating a train of cars upon defendant's railroad. There was a verdict and judgment for plaintiff. Defendant appeals.

*A. L. Bartholomew* and *Thompson & Lanning*, for appellant.

*Herrick & Doxsee* and *E. Keeler*, for appellee.

ROTHROCK, J.—I. The first question to be determined is a motion filed by appellee to strike the evidence from the files of this court, because it was not properly made of record by a bill of exceptions. The bill of exceptions by which it was sought to preserve the evidence was what is denominated a "skeleton bill." It referred to the evidence to be inserted therein as follows: "Here insert plaintiff's evidence;" "Here insert evidence of defendant." There was no other reference to the evidence. The motion must be sustained. The bill of exceptions does not identify the evidence, nor indicate any source from which it is to be obtained. It is a mere general direction to the clerk to insert the evidence, and leaves the question as to what it was entirely to the discretion of the clerk. We have frequently determined that this is insufficient. *Hill v. Holloway*, 52 Iowa, 678; *Wells v. Burlington, C. R. & N. Ry. Co.*, 56 Iowa, 520; *Tootle v. Phoenix Ins. Co.*, 62 Iowa, 362.

*1. BILL of exceptions: skeleton: identifying evidence.*

II. It appears from the pleadings, and from the instructions given by the court to the jury, that the plaintiff's cattle were in charge of his son, who attempted to drive them over the defendant's railroad track, and that some of them were struck and killed by a passing engine. The defendant requested the court to instruct the jury that, if they found from the evidence that the person who had the cattle in charge knew that the defendant's track was to be passed over by the cattle, and that he did not look or listen for an approaching train, but suffered the cattle to go upon the track without taking these precautions, this would in law be contributory negligence, and the plaintiff could not recover.

*2. RAILROADS: injury to cattle on track: recovery notwithstanding contributory negligence.*

The court refused to give this instruction, and on its own motion instructed the jury as follows:

"In determining whether plaintiff or his son in charge of said cattle were negligent and contributed to

the injury, you may consider whether said son was a suitable person to have charge of the cattle; whether, as an ordinarily prudent person, he should have anticipated the passing of the train at the time; whether he looked and listened for any train, or would have seen one if he had looked, or heard it if he had listened; whether any train was in sight at the time the cattle commenced crossing the track; whether, in the management of said cattle, he acted as an ordinarily prudent person,—and all other facts and circumstances in evidence before you; and if you find therefrom that plaintiff's son did not use ordinary care in his conduct at the time, then he was negligent, and if such negligence contributed to produce the injury complained of, plaintiff cannot recover."

The court, at the request of the defendant, submitted a special interrogatory to the jury, which, with the answer thereto, was as follows: "Did the person in charge of plaintiff's cattle, at any time before driving the same over defendant's track, look or listen for the train, or take any precaution to ascertain whether or not any train was approaching the crossing?" A. "No." It is urged by counsel for appellant that the answer to the special interrogatory is inconsistent with the general verdict, and a motion was made in the district court for judgment for the defendant on the special verdict. It is true, as claimed by the defendant, that the answer to the special verdict was a complete and explicit finding that the person in charge of the cattle was guilty of contributory negligence. Where a person recklessly approaches and attempts to cross a railroad track without looking or listening for an approaching train, and "without taking any precaution to ascertain whether or not any train is approaching," he is chargeable with contributory negligence. But notwithstanding this legal proposition is well established, it does not necessarily follow that the plaintiff is not entitled to recover. The petition is grounded upon the alleged fact that the servants and employes

of the defendant in charge of the train knew, or ought to have known, that the cattle were upon and crossing over the track, and that, having such knowledge or means of knowledge, they negligently failed to make any effort to slacken the speed or stop the train, and that by reason of said negligence the cattle in question were killed. And the court instructed the jury, in substance, that if the employes of defendant, by the use of ordinary care and prudence, could have avoided the injury after the danger was or should have been discovered, then the defendant was guilty of negligence. In this view of the case, the contributory negligence of the plaintiff becomes immaterial, and a recovery may be had, notwithstanding the cattle were negligently driven upon the crossing. *Morris v. Chicago, B. & Q. Ry. Co.*, 45 Iowa, 29. It is to be presumed that the evidence submitted to the jury authorized the instructions given by the court, and it does not therefore necessarily follow that the answer to the special interrogatory was inconsistent with the general verdict. The defendant, under the pleadings and instructions, might well have been liable for the injury, notwithstanding the negligence of the person in charge of the cattle. For the same reason, the instructions requested by the defendant were properly refused. It did not follow that the defendant was entitled to a verdict if the plaintiff's son did not look and listen for an approaching train before driving the cattle upon the crossing. We think the judgment of the district court must be

AFFIRMED.