McGILL BROTHERS v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

**Railroads :** AUTHORITY OF OFFICIAL: *Request for cattle guard.* The question of the negligence resulting from the failure of the railroad company to construct cattle guards at a private crossing, after request made to an officer whose duty includes the control of such cattle guards, as required by the Code, section 2022, should not be submitted to the jury in an action for cattle killed at such a crossing where the request for the construction of such guards is shown to have been made to officials having no control thereover.

CAUSE OF INJURY: *Jury question.* Where the failure to maintain such cattle guards is not shown to have contributed to the injury, it is error to submit such issue.

NEGLIGENCE OF MINOR WHO DRIVES CATTLE. Where an action is brought against a railroad company for cattle killed while being driven across the track by plaintiff's minor son, it is error to instruct that the age of the boy may be considered in determining whether he exercised rasonable care, since the plaintiff is chargeable with the negligence of the boy, without regard to his years.

CONTRIBUTORY NEGLIGENCE: . *Looking and listening.* Driving cattle over a railroad track without looking and listening for a train is negligence which will preclude a recovery for animals killed by a train.

*Same.* The fact that the regular trains of a railroad have passed does not excuse a person crossing the track with cattle from the duty of listening before driving the cattle on the track.

WARNING ANIMALS: *Construction of statute.* The question whether the statutory signals were given by a locomotive approaching a crossing at which cattle were killed, and whether the failure to give such signals was the cause of the death of the cattle, is for

the jury, though the person driving the cattle knew of the approach of the train before the time when such signals should have been given, since the duty of giving such signals is for the protection of the animals.

*Appeal from Webster District Court.—HON. J. R. WHITAKER, Judge.*

WEDNESDAY, APRIL 10, 1901.

ACTION in two counts, the first to recover $40 for a cow killed at a private road crossing on plaintiffs' farm by one of the deiendant's trains, on the twenty-sixth day of October, 1898. The second count is to recover a balance of $28 on account of the killing of a steer. The contentions on this appeal relate entirely to the first count, and therefore the second will not be further noticed. The defendant answered the first count, admitting its corporate capacity and the killing of the cow claimed by the plaintiffs to be theirs, and denying every other allegation of said count. Verdict and judgment in favor of the plaintiffs for $40. The amount in controversy not exceeding $100, this appeal is taken by the defendant on the certficate of the trial judge, under section 4110 of the Code, that it is a case in which an appeal should be allowed.—*Reversed.*

*R. M. Wright* for appellant.

*M. J. Mitchell* for appellee.

GIVEN, C. J.—I. The general direction of the defendant's road is north and south. It runs through plaintiffs' farm on a continuous curve, entering it from the northwest across the west line of the farm, and leaving it a short distance north of the south line; thus leaving a small part of the farm west of the track, which plaintiffs used as a pasture. The dwelling house and stock yards are east of the track. There was a private crossing, with gates, in the right of way fence, but no cattle guards, by which

the plaintiffs had access to said pasture, and to the public highway along the west side of their farm. On the evening of October 26, 1898, the plaintiffs sent Charles McGill, a lad aged 15, on horseback, to drive 25 or 30 head of cattle from the pasture over said private crossing to the stock yard. Two regular trains due to go south between 5 and 6 o'clock P. M. having passed, the boy went to drive up the cattle, leaving the crossing gates open as he went, and he at once proceeded to drive the cattle over the crossing. An extra freight train, going south, came along when the cattle were on the private crossing, and struck and killed the cow for which compensation is sought. There are two highway crossings northwest of said private crossing, the first being 405 feet distant therefrom, and the other 1,848 feet beyond that, making the distance to the furthest crossing 2,253 feet. Plaintiffs charged, as the negligence causing the killing of their cow, as follows: That defendant failed to put in cattle guards at said private crossing within a reasonable time after being requested so to do; that defendant's enginemen on said train failed to ring the bell or sound the whistle at either of said crossings.

II. We think the charge of negligence in not putting in cattle guards should not have been submitted to the jury, for two reasons: The court properly stated the law to be that the defendant was required to build and maintain cattle guards within a reasonable time after having been properly requested (Code, section 2022); also that the request must be of some officer or agent of the company acting within the scope of his duties, such duties including the management or control of the putting in of cattle guards or of ordering them to be put in. The evidence not only fails to show that any of the three persons of whom it is alleged the request was made had such authority, but it appears without contradiction that none of them was charged with such duty at that place. It was not until the request was made that plaintiffs had a right to complain of

the failure to put in cattle guards, and, as no request was shown to have been made of any person authorized to act in the matter, the absence of cattle guards furnishes no ground of complaint. The evidence fails to show that the absence of cattle guards caused or contributed to the killing of the cow.

III. The charge of negligence in failing to ring the bell or sound the whistle, so far as the conduct of the boy is concerned, seems to have been entirely immaterial. He testifies: "I first saw the train up there from Westley's crossing." That, as we have seen, was 2,253 feet from the private crossing, and at the furthest crossing, where it is claimed the engineman failed to give the required signals. As the boy knew of the approach of the train by seeing it about as soon as he would have known it from the signals, it is immaterial, so far as his conduct is concerned, whether or not the signals were given. In *Graybill v. Railway Co.*, 113 Iowa, *post,* we held that such signals are required, not only for the purpose of warning human beings, but for the protection of animals as well. In view of this construction of the statute, it was for the jury to determine whether the signals were given as required, and, if not, whether the failure to give them was the cause of the killing of the cow.

IV. One ground of defendant's motion for a new trial was that plaintiffs were guilty of contributory negligence; also that the court erred in giving the tenth instruction. The court instructed to the effect that the plaintiffs were required to exercise reasonable care—that is, the care that an ordinarily prudent man would exercise under the circumstances—and that a failure to exercise such care would be negligence. The jury was instructed that in considering this question of care it should consider the age of the boy. This, we think, was error. The plaintiffs are held to the exercise of reasonable care in driving, or causing their cattle to be driven, upon the crossing. They are chargeable with the conduct of the boy in driving the cattle, and, if he

failed to exercise reasonable care, the failure is theirs, the same as if they had driven the cattle themselves. If this was an action by the boy, the rule of the instruction might apply, but, as between these parties, the plaintiffs are chargeable with the negligence of the boy, regardless of whether it might be excusable as to him because of his tender years. *Fitch v. Railroad Co.*, 13 Hun, 668. That the boy was negligent can hardly be questioned. It is in evidence that, knowing that the regular trains had passed as usual, he assumed, as he had no right to do, that no other trains would be passing at that time, and thus assuming, without stopping to look or listen for a train, he proceeded to drive the cattle over the crossing. That he had no right to assume that a train might not pass at any time, and that it was his duty to look and listen for trains before driving the cattle onto the crossing, have been held many times by this court. See *Wooster v. Railway Co.*, 74 Iowa, 593. There is nothing in the facts of this case to support the theory that defendant became liable for negligence after knowing of the peril of the cattle. We think the motion for a new trial should have been sustained upon the grounds just considered. As, for the reasons already stated, the judgment must be reversed, it is unnecessary that we consider other errors assigned and discussed, as they are not such as are likely to arise upon a retrial.—REVERSED.