THOMAS NOLAN ET AL. v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Argued June 5, 1901—Decided November 11, 1901.

A person who, for a distance of fifty feet along a public highway from a railroad crossing, has an unobstructed view of the track for sixteen hundred feet, is guilty of contributory negligence in an action brought against the railroad company for killing cows which were in his control and driven by him along the highway across the railroad.

On *certiorari* to the Elizabeth District Court.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiffs, *Edward Nugent.*

For the defendant, *John L. Conover* and *William A. Barkalow.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiffs brought their action in the Elizabeth District Court against the defendant to recover the value of four cows, which, it was alleged, were killed by the negligence of the defendant at the crossing of Third avenue by the defendant's railroad, in the city of Elizabeth, and recovered a judgment for $210.

The servant of the plaintiffs, a boy between fourteen and fifteen years old, was driving their twenty-two cows along

Third avenue, across the tracks of the defendant. The plaintiffs claim that the failure of the defendant to ring the bell or blow the whistle was negligence causing the accident. The defendant denies negligence in this particular, and claims that the bell was rung as required by law, and says that the negligence of the driver of the cows, in not looking for the approaching train, which, if he had looked at a point sixty feet from the track, he could have seen approaching for a distance of sixteen hundred feet, was the contributing cause of the accident.

It appears from the testimony that this driver was familiar with this crossing and had been driving these cows across there frequently within a month previous to the accident, and knew of the time of the passing of the trains; that from a point fifty feet from the track he could see a train approaching from the direction the train came which killed the cows a distance of sixteen hundred feet; he was then in a position, he testified, near the head of the herd of cows, and could have prevented the leading cows from going on the track before the train came; he also testified that there was a bell at the crossing, which began to ring when he was about forty feet from the crossing, and that bell was understood by him to be a warning of the approach of a train. It is manifest from the testimony that had he looked for the train at a point where it became visible, sixteen hundred feet away, he would have had abundant time to have prevented the cows from getting on the track before the train reached the crossing.

It is settled law that where a party approaches a railroad crossing, having opportunity, in the exercise of his powers of observation, to see an approaching train so far away as to give him time to stop before the train reaches the crossing, he advances at his peril, and in case of accident is precluded from recovery, such action on his part being contributory negligence.

The judgment should be reversed.