ELI BARNARD, Appellee, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Railroads: INJURY TO STOCK: DEFENSES: INSTRUCTIONS. In an action for the killing of stock at a crossing where the only issue presented by the pleadings was whether the cattle were discovered or should have been discovered in time to have avoided the accident, proof that the cab window was covered with dust and smoke, obscuring to some extent the vision of the engineer, does not meet the negligence charged, and refusal to instruct that if defendant's employés made use of the appliances as

they actually were it would be all required of them, was erroneous.

**Same:** CONTRIBUTORY NEGLIGENCE. Where trainmen knew or should have known that cattle were upon the track in time to have avoided the accident, but negligently failed to reduce the speed or stop the train whereby the cattle were killed, the owner can recover although the cattle were on the track as a result of his negligence.

*Appeal from Dallas District Court.*— HON. EDMUND NICHOLS, Judge.

WEDNESDAY, FEBRUARY 6, 1907.

ACTION at law to recover damages for the negligent killing of stock at a highway crossing by one of defendant's trains. Trial was had to a jury, and there was. verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*White & Clark, J. C. Cook,* and *H. Loomis,* for appellant.

*Cardell & Fahey,* for appellee.

BISHOP, J.— It is alleged in the petition that the cattle of plaintiff were standing on a highway crossing as defendant's train running at a high rate of speed approached such crossing; that the cattle were in plain view of the engineer in charge of the train for a distance of about a mile; that, disregarding the fact of the presence of the cattle, such engineer failed and neglected to sound his whistle or otherwise give alarm of the approach of the train; and that he made no attempt to slacken the speed of his train, but carelessly and negligently ran his engine into the cattle, killing several thereof. The answer admitted the killing of the cattle, but denied the allegations of negligence. The evidence for plaintiff made it appear that the cattle had escaped from his pasture through a defective line fence into the field of a neighbor, and had gone from thence out upon

the highway.   That part of the fence where the escape took place was maintained, or should have been maintained, by the neighbor.   Plaintiff did not know of the escape until after the accident.   The further evidence of plaintiff tends to show that the cattle had been on the crossing some time before the coming of the train; that, although it was evening, there was sufficient light so that the cattle might have been seen from a distance of at least forty rods; that no whistle was sounded or bell rung as the train approached the crossing.   The evidence for defendant tended to show that the engine whistle was sounded at the proper time; that it was dark at the time, and the headlight on the engine — one of the ordinary type of oil light — did not enable the engineer to see an animal on the track more than three hundred feet ahead of the train, and in addition thereto the engineer's opportunity for observing the cattle was somewhat further obscured by dirt and steam which had accumulated on the front window of the engine cab; that when first seen by the engineer the cattle had not yet reached the track, but were approaching the same.

I.   Defendant presented a request for an instruction as follows:   " It is not charged that the headlight of the engine or any of the other appliances were out of order,

1. RAILROADS: injury to stock: defenses: instruction.

and the only manner in which the condition of such headlight or appliance can become material in the case will be in determining whether or not the defendant's employés made use of the appliances at hand as persons of ordinary care and prudence would have done under the circumstances.   If such care and diligence was used in operating the train with the appliances as they actually were, that would be all that would be required of them."   This request was refused, and thereof defendant complains as error.   We think the complaint unfounded.   It is true that there was no charge of negligence based on any alleged defect in the headlight or other appliance of the engine.   Nor was any such necessary to

plaintiff's case. The negligence charged was in failing to warn by whistle and bell, and in failing to stop the train after the cattle were, or should have been, discovered on the crossing. The answer went no further than to deny; there was no matter of excuse or extenuation pleaded. The whole issue, then, in this connection was comprehended in the two-fold question: Were the cattle discovered by the engineer as soon as they should have been, and was this in time to have avoided the accident? The evidence on behalf of defendant as to the darkness, and the capacity of the headlight, went simply to this question. If such evidence was to be believed, it fixed the time of discovery at three hundred feet from the crossing, and, as it seems to be conceded that the train could not have been stopped within that distance, no conclusion for negligence in such contingency could be drawn. If, on the other hand, the evidence for plaintiff was to be believed, then confessedly a case of negligence was made out. Moreover, it was not pretended in the evidence that any attempt was made to stop the train. The evidence as to the headlight, therefore, could not have any materiality as bearing upon the question, supposed by the request, of the active use made by the engineer of any appliances at his command. The argument of counsel discloses that the expression " or any of the other appliances," as employed in the request, was intended to have reference to the condition of the cab window. And counsel say that, " if the contention of defendant as to the actual conditions was correct, the engineer was not negligent in failing to see the stock under such conditions." As related to the matters of the darkness of the night, and the capacity of the headlight, as testified to, we may concede that the contention has force. But not so as to the condition of the cab window. The theory of counsel as presented in argument is that the request should have been granted for the reason that " defendant was only bound to meet the charge of negligence actually made. If the explanation showed that there

was no actual negligence in the respect charged, plaintiff could not recover upon the theory that the explanation disclosed a state of affairs upon which the jury might possibly base a finding of negligence of another distinct character." This is to say that, as the condition of the window was not charged as matter of negligence, and as the engineer made use of such window conditioned as it actually was, negligence on his part could not arise in any event until the lessening of distance had overcome the obscurity of his vision so caused. The argument is fallacious in the extreme. It was the duty of the engineer to see the cattle as soon as that could reasonably be done. And, if failure of duty in this respect there was, it became wholly immaterial what were the causes within his control leading up to it. It was what, as a reasonably prudent man, he ought to have done, and not what he actually did do, that was material. As well hear him to say that he was asleep, or that he was absorbed in reading a book, as to hear him say that he could not see out upon the track because he had neglected to clean his cab window. To hold that negligence charged as of a failure to exert control over a train does not arise until the engineer is aroused to a sense of his duty would be to overturn the settled law on the subject and introduce a doctrine most vicious in character. And, that he may take advantage thereof, it is not necessary that plaintiff in such a case shall seek out the causes of failure of duty and charge the same as independent matters of negligence. Our conclusions are based upon the fundamental law of negligence, and do not require the citation of authority in support.

II.   Defendant complains of the failure of the court to instruct the jury on the subject of contributory negligence. We think the facts of the case bring it within the

2. SAME: contributory negligence. rule of *Wooster v. Railway*, 74 Iowa, 593, and other like cases. There, as here, the petition was grounded upon the alleged fact that the employés

of defendant in charge of the train knew, or ought to have known, that the cattle were on the track, and, having such knowledge, or means of knowledge, they negligently failed to slacken speed or stop the train, and that, by reason of such negligence, the cattle were killed. And it was there held that in such a case recovery may be had, notwithstanding the presence of the cattle on the crossing was the result of negligence on the part of the owner.

This disposes of the matters complained of, and, having concluded that there was no error, the judgment is *affirmed*.