# Alabama Great Southern Railroad Co. *v.* McDaniel.

## *Killing Stock.*

### (Decided June 3, 1915. 69 South. 60.)

1. *Railroads; Killing Stock; Negligence of Owner.*—Considering sections 5473-6, Code 1907, it is held that the negligence of plaintiff's herd boy in permitting plaintiff's cow to go upon defendant's railroad track at a city crossing, where the cow was killed by defendant's train, which was running at a speed in excess of the limit fixed by the city ordinance, was not such negligence as precluded plaintiff from recovering against the road; the herder and the cow having the right to pass along the public streets of the city, and to rely upon the observance of the city ordinance by the defendant, it being the duty of the engineer in aprroaching the crossing to have his engine under such control as might be necessary.

2. *Same; Jury Question.*—Under the evidence in this case it was a question for the jury whether the speed of defendant's train, which

[Alabama Great Southern Railroad Co. v. McDaniel.]

exceeded the limit fixed by the city ordinance, was negligence contributing to the death of the cow at this crossing.

3. *Same; Instructions.*—A charge asserting that if plaintiff's cow came on the track so suddenly that the engineer could not stop or check the train so as to prevent the killing by any means known to skillful engineers, the jury should find for defendant, withdrew from the jury the inquiry whether defendant's train running at excessive speed was the proximate cause of the injury—a fact presented by the evidence—as well as failing to hypothesize that the engineer was keeping a proper lookout, and could not have discovered the cow sooner, also ignoring the fact that he was violating a city speed ordinance, and was properly refused.

4. *Same; Evidence.*—Under the general averment of negligence in the complaint charging the negligent killing of a cow at a city street crossing, the plaintiff could introduce evidence that defendant had violated a city ordinance by running its train at a rate of speed in excess of that prescribed by the ordinance.

5. *Same.*—The running of a locomotive or a train within a city limit in excess in speed of that prescribed by an ordinance of the city, may constitute actionable negligence.

6. *Same; Instructions.*—Where there was no evidence that the ordinance was unreasonable, a charge predicating a verdict for the defendant if the jury found that an ordinance regulating the speed of trains, which the engineer in charge of the train was violating at the time of the action, was unreasonable, was abstract and properly refused.

7. *Same.*—Where the engineer in charge of the train testified that the cow was killed at a certain crossing, charges asserting that the jury could find for defendant if the cow was struck south of the crossing, were abstract and properly refused.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Ida May McDaniel against the Alabama Great Southern Railway Company, for damages for killing a cow. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 449, § 6.

The facts sufficiently appear from the opinion of the court, as do the pleadings.

The following charges were refused to defendant:

(1) Affirmative charge.

(2) Same as to first count of the complaint.

(3) Same as to the second count of the complaint.

"(4) If you believe all the evidence in this case, it was not negligence of itself for defendant's engineer to run the train at more than six miles per hour.

"(5) If you believe all the evidence in this case, section 446 of the City Code of Bessemer is void so far as it purports to prohibit trains from being run at more than six miles an hour going forward over the crossing at or near which the plaintiff's cow was killed."

(6) Same as 5 as to said section of City Code being unreasonable.

(7) Same as 5, except that it is alleged that said Code is void as being an interference with interstate commerce.

"(8) If you believe from all the evidence in this case that plaintiff's cow came on the track so suddenly that defendant's engineer could not stop or check the train so as to prevent the killing, by the use of all preventive means at his hands known to skillful engineers, you must find for defendant."

(10) Same as 7.

(11) Same as 8.

"(13) You cannot find for plaintiff under count 2 of the complaint if you are reasonably satisfied that the cow was struck south of the public crossing.

"(14) If you are reasonably satisfied from the evidence that the cow was struck south of the public road crossing, then you cannot find for plaintiff on account of any violation by defendant's engineer of section 446 of the Bessemer City Code."

A. G. & E. D. SMITH, for appellant.

PINKNEY SCOTT, for appellee.

THOMAS, J.—This is a suit by appellee for damages for the killing of her cow by appellant's locomotive engine at Ninth street crossing in the city of Bessemer.

(1) The amended complaint contains two counts. In answer to each count the appellant pleaded the general issue and special plea numbered 2. To the special plea demurrer was sustained. Plea numbered 2 is as follows: "Further answering said complaint, this defendant says that the cow for the death of which the plaintiff sues was in charge of a herder whose duty it was to take care of said cow and see that she was not injured; that said herder was the agent of the plaintiff in the herding of said cow, and defendant avers that said herder was negligent while acting within the line and scope of his authority as such agent in herding said cow, and negligently allowed her to go upon said track at the time of her injury and death, therefore, defendant says that plaintiff should not rcover in this case."

There was an ordinance which placed the duty on the defendant to maintain the rate of speed of six miles an hour in the city of Bessemer, and a violation of the ordinance, it is alleged, proximately contributed to appellee's damage. The appellee and her agent had the right to rely upon the observance of the ordinance by the appellant, and could proceed along the street to the point where it crossed the railroad track with that assurance.

The averment of the ordinance in the complaint is, in effect, that if the ordinance had been observed, the injury would not have been inflicted. There could be no injury without the impact, on the crossing, by the engine; and if it had been proceeding at the rate of six miles an hour, rather than 20 miles, or other higher rate of speed, it would not have reached the crossing

at the moment it did inflict the injury. In *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114, this court said: "The running of a railroad train within the limits of a city, at a rate of speed prohibited by its ordinances under a penalty, would constitute negligence."—*L. & N. R. R. Co. v. Webb*, 90 Ala. 185, 8 South. 518, 11 L. R. A. 674; *S. & N. Ala. R. R. Co. v. Donovan*, 84 Ala. 141, 4 South. 142.

The pleas fail to allege that appellee's boy in charge of the cow was guilty of any negligent conduct which was the proximate consequence of the injury. The herder and cow had the right to go along the public streets of Bessemer, as it is shown they were doing at the time the accident occurred. The burden was upon the appellant to observe the statute of the state as to giving alarms when approaching a public crossing (sections 5473-5476 of the Code; *Ex parte So. Ry. Co.*, 181 Ala. 486, 61 South. 881; *McGill v. M. & St. L. R. Co.*, 113 Iowa 358, 85 N. W. 620), as well as to observe the ordinance regulating its speed within the city limits, as prescribed in section 446 of the Code of Bessemer.

In the case at hand, McDaniel's boy had turned the cow from the pasture and "headed her home" along a certain public highway or street in the city, the only route leading to the owner's home. The law required this appellant to regard the safety of persons, vehicles, or domestic animals going along such public street, and to that end to observe the ordinances of said city, as well as the state statutes, and to keep its engine under such control as to avoid accident and injury at such public street crossing.—*Ex parte So. Ry. Co.*, supra. As was said in the case of the *Alabama Great Southern Railway Company v. McAlpine & Company*, 71 Ala. 545: "The rule has been frequently declared by this court, in accordance with the generally recognized doc-

trine, that the law exacts of railroad companies, and other common carriers, in their use of steam power, extraordinary diligence, or "that degree of diligence which very careful and prudent men take of their own affairs.'"

It is the duty of the engineer in charge of an engine approaching a public crossing in a city to have regard for the safety of the public passing there, or for such obstructions as may be on or going over such crossing, or in dangerous proximity thereto, and to have his engine under such control as may be necessary in the light of the condition and surroundings of the crossing. This is required to safeguard the lives and property of those exercising the right of crossing at such point. Had the engineer approached this crossing within the limit of speed (six miles per hour) prescribed by the city ordinance he could have kept a more thorough lookout for obstructions on, or about to go upon, the track, and after discovery would have been more readily enabled to avoid accident.

The complaint alleges the cow was killed at a public crossing and in a city where the burden was on the defendant to show that it had complied with the statutes of the state, the ordinance of the city, and its general duty, in approaching and passing this much, and rightfully, frequented place. Section 5476 of the Code of 1907 provides that: "When any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."— *Ex parte So. Ry. Co., supra.*

If it would be excused for the damage, specific allegation must be made in plea, and supported by proof of facts, showing that appellee contributed by his own negligence or that of his agent to the injury.

Plea numbered 2 falls short of this allegation. It seeks to shift the burden, by general averment that did not amount to a statement of fact, that appellee was guilty of negligence that proximately contributed to the death of the animal in question.—*Shahan v. A. G. S. R. R. Co.*, 115 Ala. 181, 193, 22 South. 449, 67 Am. St. Rep. 20.

The court has uniformly held that where stock are by statute prohibited from running at large, the unlawful act of the owner in suffering them to run at large is no defense to an action for the negligent killing of such animals. In fact, the appellee owed the appellant no duty not to let her stock go at large or upon the track of the appellant. The plea does not allege that appellee did drive the animal on the track at the time it was killed on the crossing, but that "she negligently allowed her to go upon the track and to be upon said track." To hold the plea sufficient would be, in effect, to overturn the long line of authority we have referred to, holding that no such duty is owing by owners of animals.

In *M. & O. R. R. Co. v. C. M. B. Co.*, 146 Ala. 404, 41 South. 17, Chief Justice Anderson declared that the negligence of the defendant's agents in permitting stock to escape from plaintiff's inclosure was not the proximate cause of the killing of the animal by another railroad. Judge Anderson says: "We adopt what Addison says on the subject: 'If the wrong and resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and damage are not sufficiently

conjoined and concatenated as cause and effect to support an action.'—Cooley on Torts, p. 73, § 69. Mr. Bishop, in stating the principle, says: 'If, after the cause in question has been in operation, some independent force comes in and produces an injury, not in its natural or probable effect, the author of the cause is not responsible.' "

In the case of the *Southern Railway v. Dickens*, 153 Ala. 283, 287, 45 South. 215, 216, this court said: "In cases involving the killing of animals in districts wherein stock were, by statute, prohibited from running at large we have uniformly held that the unlawful act of the owner in suffering them to run at large is no defense to an action for the negligent killing of such animals. This ruling is based on the theory that, 'to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury.' "—*Ala. R. R. Co. v. McAlpine*, 71 Ala. 545; *So. Ry. Co. v. Hoge*, 141 Ala. 351, 37 South. 439; *Ensley M. Co. v. Otwell*, 142 Ala. 575, 38 South. 839, 4 Ann. Cas. 512; *Ala. R. R. Co. v. Powers*, 73 Ala. 244; *St. L. & S. F. R. R. Co. v. Douglass*, 152 Ala. 197, 44 South. 677; *L. & N. R. R. Co. v. Williams*, 105 Ala. 379, 16 South. 795.

In the case of *Birmingham Mineral R. R. Co. v. Harris*, 98 Ala. 326, 334, 13 South. 377, 381, this court said: "The plaintiff in this case was guilty of no negligence in allowing his animals to run upon his own pasture grounds, or even upon the commons. The owner of domestic animals is not required to fence against a railroad."

Neither appellee nor her agent owed the duty to appellant to keep the cow off of the road, or not to allow her to cross appellant's road at the point of the collision with her. The intervening proximate cause was

the act of appellant's servant approaching the crossing as and when he did, and circumstanced as it was. The plea in question sought to put this burden on the owner.

The cases cited by appellant are not in point. In *Clarke v. Oregon S. L. R. R. Co.*, 20 Utah 401, 59 Pac. 92, the herder drove the cow out of the pasture on the track ahead of the approaching train. It was not in a city or at a street crossing. The averment of the facts of negligence there relied on was specific. In *Nolan v. Central of Georgia R. R. Co.*, 67 N. J. Law, 124, 50 Atl. 348, the view of the track was unobstructed for 1,600 feet, and the cows were driven on the track without looking to see if the way was clear. So in *McGill v. M. & St. L. R. R. Co.*, 113 Iowa 358, 85 N. W. 620. In *Ohio & N. R. Co. v. Eaves*, 42 Ill. 288, the plaintiff tried to rush the cows across before the coming train arrived, regardless of the injury they might receive.

The demurrer to appellant's plea 2 was properly sustained.

(2) A question of disputed fact is ever for the jury. Appellant's version of the occurrence was that its engineer, J. S. Pill, was running the train from Birmingham through Bessemer on its trip to Meridian; that at Ninth street crossing in the city of Bessemer he was running about 20 miles an hour between the south switch and Jonesboro, when the cow was killed at the street crossing; that she came across the track, coming up the street and crossing the railroad, and that there were cars on both sides of the crossing; that the crossing was cut; that the whistle was blown "just before I got there; * * * the bell was ringing too." The engineer said he was keeping a lookout ahead, and when he first saw the cow he shut off the steam and put on brakes, but that he could not have stopped the train or checked it so as to prevent the accident even

if he had been running six miles an hour. The evidence for the appellee tended to show that at Ninth street crossing, where the animal was killed, there was a string of cars above and below the crossing, on a side track parallel with the main line on which the train was running; that the cow had been grazing beyond the railroad and was "headed" on her way home, and, as she was returning by way of this street, which was her only way home, it was necessary for her to cross the railroad track; that the long string of freight cars standing on the side track obstructed the view of and from the main line on the side on which the cow was proceeding to the crossing. In this state of the evidence, though the engineer swore that at this particular point, under the circumstances, even if he had been observing the ordinance, it would have been impossible to prevent the accident, yet it was for the jury upon consideration of the entire evidence, to say whether appellant was negligent in exceeding the speed limit under the city ordinance, and whether that negligence contributed to the injury.

(3, 4) Refused charges 8 and 11, requested by appellant, sought to withdraw from the jury the inquiry, under the second count, of the effect of appellant's violation of the speed ordinance of Bessemer; whether this excess speed, 20 miles an hour, at which the train was moving, did not proximately contribute to or cause the damage. If the cow was proceeding along the street homeward, and reached the crossing at the moment of the passing of the train—the evidence not showing that the train was on schedule—it is a fact of ordinary observation that if the speed limit of six miles had been observed, the engine would not have arrived on the crossing the moment it killed the cow. If one phase of the evidence tended to show that the failure to ob-

serve the speed limit under the ordinance caused, or contributed to, the killing of the cow, a charge ignoring that evidence should not be given.—*McGill v. M. & St. L. R. R. Co.*, 113 Iowa 358, 85 N. W. 621. The case of *Forbes v. A. & N. C. R. R. Co.*, 76 N. C. 454, cited by appellant, expressly refers to the fact that there was no statute or rule of common law requiring a certain number of brakes, and the intimation is clear that if there was such a rule the matter would have been properly submitted to the jury, to say whether, if the train was so equipped and had not been running at too high a rate of speed, the accident would have occurred. In this case the excessive speed in disregard of the ordinance of the city was shown without conflict by appellant's engineer in charge of the engine. Whether the excessive speed contributed to the damaging result was properly submitted by the court to the jury. The charges, 8 and 11, failed to hypothesize that the engineer was keeping a proper lookout, and could not have discovered the cow earlier. They also ignored the question of the city ordinance.—*Central of Ga. v. Stark*, 126 Ala. 365-369, 28 South. 411. The defendant, however, was given the benefit of these charges in the giving by the court of defendant's requested charges 2 and 9.

(5, 6) While count 1 of the complaint did not specifically set out the ordinance of the city of Bessemer, yet under the general averment of negligence it was proper to introduce evidence of violation of the city ordinance, which, of itself, has been held to constitute negligence. In the case of *L. & N. R. R. Co. v. C. M. B. Co.*, 150 Ala. 390, 398, 43 South. 723, 726, the court said: "In the case now under consideration the action was for negligence, and the question is simply whether evidence of the ordinance may be considered in arriving at the determination of negligence vel non in the

[Alabama Great Southern Railroad Co. v. McDaniel.]

absence of any allegation in regard to the ordinance. The writer confesses that, if it were a new question, he would be disposed to require more specific allegations in regard to negligence, yet it is settled by former adjudications that very general averments, 'little short of legal conclusions,' are sufficient. The ordinance, in this case, was merely a fact bearing upon the question as to whether the defendant's agents were guilty of negligence."—*Robertson v. Wabash, St. L. & Pac. Ry.*, 84 Mo. 119, 121; *Goodwin v. Chicago, Rock Island, etc., Ry.*, 75 Mo. 73, 75, 76; *Elyton Land Co. v. Mingea*, 89 Ala. 521, 630, 7 South. 666.

The running of the locomotive at a greater rate of speed than that allowed by city ordinance has been held by this court to constitute negligence.—*S. & N. Ala. R. R. Co. v. Donovan*, 84 Ala. 141, 147, 4 South. 152; *Elyton Land Co. v. Mingea, supra.* Hence charges 1, 2, 3, and 4, requested by the defendant were properly refused.

(7) Charges 5, 6, 7, and 10 are based upon the proposition of the reasonableness of the ordinance, and under the evidence in the case were abstract and properly refused.

(8) Charges 13 and 14, under the evidence in the case, were abstract and properly refused, for the engineer himself testified that the cow was killed on the public crossing.

We find no reversible error in the record, and the judgment of the city court of Bessemer is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.