# Alabama Great Southern Railroad Company *v.* Powers.

*Action against Railroad Company for Damages to Stock.*

1. *Injury to stock by railroad company; duty of engineer.*—In an action against a railroad company to recover damages for injuries done to a horse, a charge, given at the request of the plaintiff, instructing the jury that, if the horse was seen by the engineer within ten or fifteen feet of the road, or running close by the road-bed, on a line with it, and within a few feet of the moving train, and under circumstances indicating danger of the horse's getting on the track, it was the duty of the engineer to use all means in his power to frighten the horse away, until the danger had ceased, asserts a correct legal proposition.

2. *Same.*—In such case, a charge given at the request of the plaintiff is free from error, which instructs the jury that the reason why different rules for railroads are prescribed for the preservation of cattle, and for the safety of human life, is, that human beings are sentient, and cattle do not know the necessity of leaving the track; and that as to cattle, in addition to sounding the alarm whistle, the brakes must be applied, and the train checked or stopped, if need be, to prevent injury.

[Alabama Great Southern Railroad Co. v. Powers.]

3. *Same; diligence required of an engineer.*—The diligence required of an engineer in charge of a locomotive, in order to avoid injury to stock, does not commence at the moment he first perceives the stock on the track; and a charge requested by a railroad company, in an action against it to recover damages for injuries to stock, limiting the engineer's duty to the employment of all proper means to avoid the injury from that moment, is properly refused.

4. *Verdict contrary to the evidence; no ground of reversal.*—That the verdict of the jury trying a cause is not sustained by the evidence, is a wrong which this court has no power to redress; the only remedy therefor being a motion for a new trial in the primary court.

5. *Injury to stock by railroad company; when owner not precluded from recovery.*—The fact that the owner of stock permits them to run at large, and to trespass on the track of a railroad company, does not preclude him from recovering for injuries done to the stock by the company's locomotive and train.

APPEAL from Hale Circuit Court.

Tried before Hon. JOHN MOORE.

This suit was brought by John S. Powers against the Alabama Great Southern Railroad Company, a corporation operating a railroad in this State, to recover damages for injuries alleged to have been done to plaintiff's horse by the defendant's locomotive and train, through and by reason of the negligence of defendant's servants in conducting and running said locomotive and train. The cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment for the plaintiff.

The evidence introduced on behalf of the plaintiff tended to show, that on 29th of April, 1882, the plaintiff's horse, having been turned into a common pasture owned by the plaintiff and one Prince, in a district in which crops are required to be fenced, and it was customary to allow stock to run at large, was grazing in an old field through which the road ran, within fifteen or twenty feet of defendant's track, when the train approached, and the horse started towards the track, approaching it diagonally, and attempted to cross it, and was run over and so injured by defendant's locomotive, that he had to be killed; and that only "one whistle was heard which was sounded just as the horse was struck." The value of the horse was also shown. The evidence introduced on behalf of the defendant tended to show, that the defendant's track at and near the place where the horse was injured was perfectly straight, and the train was running at the rate of from five to seven miles per hour; that while the engineer was in his seat on the right hand side of the engine, three horses were perceived by him about ten yards from, and on the right hand side of the road, about forty yards distant from the engine; that the horses appeared to have been frightened by the train, and two of them ran off from the road, but the third started diago-

nally towards the road ; that as soon as it was seen coming towards the road, " the engineer whistled down brakes, and immediately thereafter sounded the stock alarm several times; that the horse came up the embankment, which was about three feet high, to the track, as if to cross, about fifteen yards in front of the engine; that the engine was reversed and every effort made to stop the train ;" that the train was stopped just after the horse was struck; and that the engineer and other employees in charge of the train were experienced, skillful, and careful men in their line of employment, and that the engine, cars, brakes and appliances were in good order and condition. The foregoing is the substance of the material portions of the evidence introduced, as shown by the bill of exceptions.

The court charged the jury, at the written request of the plaintiff, as follows: 1. " If the horse was seen by the engineer within ten or fifteen feet of the road, or running close by the road-bed, on a line with it, and within a few feet of the road and train, as it was moving, and under circumstances indicating danger of its getting on the track, then it was the duty of the engineer to use all means in his power to frighten away the horse, until the danger had ceased." 2. " Human beings are sentient, and have the reasoning faculty; and this is the reason why different rules for railroads are prescribed for the preservation of cattle, and for the safety of human life. As to the former, in addition to sounding the alarm whistle, the brakes must be applied, and the train checked or stopped, if need be, to prevent injury; for domestic animals know not the necessity of leaving the track." The defendant duly reserved exceptions to the giving of these charges, and also to the refusal of the court to give the following charges, requested by it in writing : 1. " If the jury believe from the evidence, that the engineer and persons in charge of said train were very careful and prudent men, and that, on perceiving the said stock on the railroad, used that degree of diligence which every careful and prudent man exercises in the conduct of his own affairs, in seeking to avoid the danger and arrest the injury to said stock, then they must find for the defendant." 2. " If the jury believe from the evidence, that the engineer on said defendant's train was on the look-out for obstructions, and that, when he discovered said stock on the track, he and the persons in charge of said train promptly resorted to all means known to skillful engineers to escape the impending danger, or arrest the threatened injury, then the defendant exercised that due diligence which the law requires of the defendant in this case, and the jury must so find."

The charges given at the plaintiff's request, and the refusal

[Alabama Great Southern Railroad Co. v. Powers.]

of the court to charge as requested by the defendant are here assigned as error.

SAM'L F. RICE, WOOD & WOOD, and COLEMAN & ROULHAC, for appellant.

THOS. SEAY, *contra.*

STONE, J.—1. The circuit court did not err in giving the two charges requested by appellee. They each assert correct principles of law.—*M. & M. Railway Co. v. Blakely*, 59 Ala. 471; *L. & N. R. R. Co. v. Jones*, 56 Ala. 507. And though, it is possible, they are abstract and have a tendency to mislead, yet this furnishes no ground for reversing the judgment. The appellant should have requested explanatory charges "by which the objectionable tendency could have been averted and healed." *McCrary v. Rash*, 60 Ala. 374; *Smith v. Fellows*, 58 Ala. 467; *Durr v. Jackson*, 59 Ala. 203.

2. Charges numbered 1 and 2, requested by the appellant, and refused by the court, were properly refused. They each confine the diligence to be exercised by the persons in charge of the train, for the purpose of avoiding the danger, and arresting the injury to the horse, to the time when the engineer perceived it *on the track.* If this were the correct rule, the persons in charge of the train need have exercised no diligence, but may have conducted the train in a negligent manner up to the time of perceiving the horse on the track. As was said by this court in the case of *S. & N. R. R. Co. v. Jones*, 56 Ala. 507: "The engineer, if he saw the ox in *dangerous proximity* to the track, and under circumstances indicating danger of its getting on the track, should have taken steps promptly to frighten him away; or, if need be, should have arrested the motion of his train, if possible, rather than incur the hazard of destroying another's property."

We find no error in the record and the judgment is affirmed.

On a subsequent day of the term an application was made by the appellant for a rehearing, to which the following response was made:

STONE, J.—We are not able to find any errors in the rulings of the court, of which appellant can complain. If it be true that the verdict of the jury was unsustained by the testimony, that is a wrong which we have no power to redress. The presiding judge in the primary court alone had power to grant a new trial, and that is the only method known to our system, by which to obtain relief from a verdict, unsupported

by testimony. And from his ruling, on such motion, no appeal lies to this court. The theory of our system is, that juries, as their oaths require them to do, will fairly and impartially weigh the testimony, and that their verdict shall truly represent the convictions produced on their minds by the evidence, construed in reference to the law, as given them in charge by the court. If a verdict be rendered on any other principle than this, it is done in palpable disregard of a solemn oath; and there is no more sacred duty resting on the presiding judge, than to set aside a verdict which is rendered in palpable disregard of the evidence, or of the charge of the court.

Cases may be found, in which it was held that when the owner of the animal killed permitted it to run at large, and trespass on the track of the railroad, he thereby precluded himself from recovering for the injury done. But in all those cases, the statutes of the States in which the rulings were made, required stock to be kept within inclosure, and not allowed to run at large.—*Munger v. Tonawanda R. R. Co.*, 4 N. Y. 349; *Jackson v. R. & B. Railroad Co.*, 25 Vt. 150; *P. C. & St. L. R'w'y Co. v. Stuart*, 71 Ind. 500; *Price v. N. J. R. R. & T. Co.*, 31 N. J. (Law) 229; s. c. 32 *Ib.* 19. We have ruled differently.—*S. & N. R. R. Co. v. Williams*, 65 Ala. 74; *Ala. Gt. Southern R. R. Co. v. McAlpine*, 71 Ala. 545.

The application for a rehearing must be denied.