## GUESS v. RAILWAY COMPANY.

1. In action against a railroad company to recover damages for killing a cow, the judge charged: "If the injury to the cow was in any degree the consequence or result of the block and chain attached to the cow at the time, as described by the plaintiff in his testimony, in preventing the escape of the animal from the road, and that the injury would not have occurred but for that encumbrance, preventing the cow from getting out of the way, then the defendant should have a verdict." *Held,* that there was no error here of which plaintiff could complain.

2. When contributory negligence becomes a proximate cause of the injury, it is a good defence, notwithstanding there may be negligence on the other side.

Before KERSHAW, J., Barnwell, March, 1887.

This was an action by J. G. Guess to recover damages for a cow killed by defendant, the South Carolina Railway Company, on its track through plaintiff's pasture, by a passenger train. The cow had a block and rope attached, and the block had caught in the track. The judge charged the jury as follows :

Upon proof to your satisfaction that the plaintiff's cow was killed by collision with the train of the defendant, the law implies or presumes negligence on the part of those managing the train, and if there was nothing more in the case than that, the plaintiff would be entitled to a verdict for the value of the cow. But if the proof satisfies you that there was no want of proper care on the part of the employees of the defendant in running and managing the train, and the cow was injured by accident and not through negligence, the defendant is entitled to a verdict. So, if the injury to the cow was in any degree the result or consequence of the block attached to the cow, as described by the plaintiff in his testimony, in preventing the escape of the animal, and that the injury would not have occurred but for that encumbrance preventing the cow getting out of the way, then the defendant should have a verdict.

Defendant had a verdict, and plaintiff appealed on the following exceptions :

1. Because the proof showed that the line of defendant's road at the point at which the cow in question was killed, passed through the pasture of the plaintiff, hence the plaintiff had a right to keep his stock therein, and it was not contributory negligence in him to block his cattle to keep them off of the railroad, and in charging otherwise his honor erred.

2. Because his honor erred in charging the jury, that if the injury to the cow was in any degree the result or consequence of the block attached to the cow, as described by the plaintiff in his testimony, in preventing the escape of the animal, and that the injuries would not have occurred but for that encumbrance preventing the cow getting out of the way, then the defendant shall have a verdict.

3. Because the proof showed that the track was perfectly straight at the point where the cow was killed, and an object can

be seen for five hundred yards, hence it follows that, even admitting that the rope and block attached to the cow prevented her escape from the railroad, the defendant had no right to run their train over her, and the charge of his honor, as aforesaid stated, precluded the jury from the consideration of any evidence tending to show negligence on the part of the defendant.

*Mr. J. E. Davis,* for appellant.

*Mr. Robert Aldrich,* contra.

February 18, 1889.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  The plaintiff, appellant, in the action below, sought to recover the value of a cow killed by the defendant's train of cars on April 23, 1886.  The main defence set up was contributory negligence on the part of the plaintiff, and it was the charge of the judge on this subject that has given rise to this appeal.  It seems that the cow was within the appellant's inclosure, through which the track of the railroad ran.  She had a block attached to her by a small rope.  She was upon the track with this block attached.  The portion of the charge complained of was as follows : "If the injury to the cow was in any degree the consequence or result of the block and chain attached to the cow at the time, as described by the plaintiff in his testimony, in preventing the escape of the animal from the road, and that the injury would not have occurred but for that encumbrance, preventing the cow getting out of the way, then the defendant should have a verdict."  Was this error ? is the only question in the case.

Contributory negligence, in cases of this kind, is a good defence in law where it constitutes the proximate cause of the injury complained of.  In *Carter* v. *Railroad Company* (19 S. C., 20), this court said : "Where the plaintiff has contributed to the accident to the extent of furnishing a proximate cause thereof, the defendant is exempt from liability as matter of law, and the judge should so charge ; but whether a particular fact, if proved, shall amount to such contribution is a matter for the jury, and not for the court."  See also *Kaminitsky* v. *Railroad Company,* 25 S.

C., 59. "One who is injured by the mere negligence of another cannot recover at law or in equity any compensation for his injury, if he, by his own or his agent's ordinary negligence or wilful wrong, contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault the injury would not have happened to him." *Sherman & Redfield,* pp. 24, 25, 26. See also *Gunter* v. *Graniteville Manufacturing Company,* 15 S. C., 456, and the cases there cited. It is needless, however, to multiply authorities upon this point. It is well settled by cases in this State, and by text writers, that contributory negligence, when it becomes a proximate cause of the injury, is a good defence, notwithstanding there may be negligence on the other side.

Now, the question is, did the Circuit Judge go beyond this rule in the remarks excepted to? It is true that when stock is killed by a railroad train, the killing, without more, under *Danner's Case* (4 Rich., 329), is *prima facie* evidence of negligence, sufficient to found a verdict upon, unless this is overthrown by contra testimony. And even if this is not overthrown, yet if contributory negligence by the plaintiff is proved, to the extent of furnishing a proximate cause of the injury, this will relieve the defendant. We do not think that the charge of the judge excepted to weakened the force of this principle to the defendant. On the contrary, when looked at in one point of view, he made it more rigid. All that this principle requires from a defendant is to prove that the plaintiff contributed by his negligence a proximate cause to the injury, and the judge, when he charges that, charges the law.

Now, the charge here might be construed to mean that the defendant could not escape responsibility, unless it had been shown that but for the act of the plaintiff the injury would not have occurred. In other words, that defendant should be required to show that plaintiff had contributed not merely a proximate cause, but the only cause. The judge did not charge that the cow being upon the track with a block attached was contributory negligence, nor that this block prevented the cow from escaping; nor did he charge that but for this the injury would not have occurred. Had he done so, this would have been invad-

ing the province of the jury.   But he charged that if the injury was the result of the block attached preventing the escape, and but for this the injury would not have happened, then the defendant was not liable.   In other words, that it was necessary for the jury to reach the conclusion that the injury would not have occurred but for the attached block, preventing escape; thus being not simply a proximate cause, but the direct and absolute cause.   When thus construed, the charge was stronger against the defendant than the settled principle, above, required the judge to go.   Hence we fail to see that the appellant should complain.   We do not think that the portion of the charge excepted to, even when considered alone, is obnoxious to objection, much less when the whole charge is considered.

.It is the judgment of this court, that the judgment of the Circuit Court be affirmed.