## HYER *v*. CHAMBERLAIN.

### (Circuit Court, D. South Carolina. May 22, 1891.)

RAILROAD—STOCK-KILLING—EVIDENCE.

It is not negligence for a railroad company to leave a train of freight-cars standing on a siding near a crossing, provided the crossing itself is kept unobstructed, and the fact that a mule wandering up the track from the crossing was concealed by the freight-cars from the engineer of a rapidly approaching train until it came around the end of the freight-cars onto the main track at so little distance that it was impossible to stop the train before the mule was struck, will not render the company liable therefor.

At Law.

*Simeon Hyde,* for plaintiff.

*Brawley & Barnwell,* for defendant.

SIMONTON, J. This is a claim against the receiver, for the value of a mule killed upon the track of the South Carolina Railway by one of its locomotives. Both parties submit the matter to the court. The mule was killed about 290 feet from Sineaths station. At this station are four tracks, laid on lands owned by the railway company in fee. The residence of the plaintiff, consisting of a tract of land, dwelling-house, and store, is to the west of the track. From it leads a public road crossing the railroad track at Sineaths. On the day of the accident there was on each of the side tracks nearest to plaintiff's premises a train of box-cars. They were below the crossing, which had been left entirely unobstructed. The locomotive which killed the mule was on the main track. Between it and the box-cars on the side track was a space of four or five feet. As the mule was killed by the locomotive of defendant, the law presumes negligence, and this presumption must be rebutted. *Danner* v. *Railroad Co.,* 4 Rich. Law, 329; *Fuller* v. *Railway Co.,* 24 S. C. 133. The only eye-witness of the accident was the engineer in charge of the locomotive. He had been in service for 30 years. He says that he was in charge of the passenger train, about an hour behind time, running at the rate of 35 miles an hour, with 4 coaches, including the baggage-car; that after he had passed the crossing at Sineaths he saw the mule coming from behind the train of cars on the siding, and on the track, about 35 feet ahead of him; that he could not possibly have stopped his train, nor do anything except open his connections with the whistle and blow; that he struck the mule, and no doubt killed it. He admits that his engine had become disabled on one side, but swears that with every appliance in order he could not have stopped under 250 yards, at the rate of speed he was under, and with such a train. If the disabled condition of the engine did not contribute to the accident, the defendant cannot be held liable for that. *Simms* v. *Railroad Co.,* 26 S. C. 495, 2 S. E. Rep. 486. To rebut this testimony the plaintiff proved that there were seen tracks of the mule from the premises of plaintiff to the railroad crossing, and from the crossing, between the main track and the siding, up to the point where it was killed. The plaintiff claims that under these circum-

stances defendant is liable.    His position is this:    The defendant suffered
a train of cars to remain on the siding, very close to the main track,
along which this train came; that the mule, wandering, got on the track,
and, having been caught in between the two trains in its effort to escape,
was killed; that, if the engineer did not see the mule in time to avoid
the accident, he was prevented from doing so by this obstruction of the
train of box-cars placed there by agents of defendant.    *Murray* v. *Railroad
Co.*, 10 Rich. Law, 227, is relied upon for this position.    In this case
a horse had been hitched at a point not far from a railroad crossing, at
night.    A train of cars had been left on the railroad track, obstructing
the crossing, and some distance above and below it.    The horse broke
loose, and, attempting to cross, wandered up. and down the track until
the train came up at 11 P. M., and killed it.    There was a deep cut on
both sides of the crossing.    The defense relied upon the fact that the
killing was at night, and so unavoidable.    The court held that this was
not enough to rebut the presumption of negligence, and, beyond this,
held that the obstruction of the crossing was an unlawful act, which
contributed to the accident, and made defendant responsible.    In the
present case the crossing was not obstructed.    True, a train was on the
siding; but this siding was on lands held in fee by the company, and its
use by the company was lawful.    In *Murray's Case* this is distinctly
recognized:

"Either the turn-out should have been large enough for the trains which
stopped there to. have stood above or below the crossing, or else the cars of a
train at rest should have been detached so as to give a free passage."    Page
232.

See, also, *Adkins* v. *Railway Co.*, 27 S. C. 71, 2 S. E. Rep. 849;
*Guess* v. *Railway Co.*, 30 S. C. 163, 9 S. E. Rep. 18.

If the train was lawfully there, then defendant cannot be held re-
sponsible simply because it was there.    Indeed, the defendant is pro-
tected because it was there.    If the mule came from behind this train,
and it was therefore not seen until it was only 35 feet off,—a distance with-
in which the train could not have been stopped,—the grounds for excuse
laid down in *Murray's Case* would apply.    Page 232.    The claim is dis-
allowed.