## Southern Railway Co. v. Hoge.

*Action against Railway Company to recover Damages for killing Stock.*

1.  *Action against railway company for killing stock; sufficiency of complaint.*—In an action against a railway company to recover damages for killing stock, counts of the complaint which

[Southern Railway Co. v. Hoge.]

allege that the stock was killed by reason of the defendant's
negligently running its engine or train over or against said
stock, or that "said injuries resulted from and were caused
by the negligence of the defendant's agents or employees in
the management or control of its locomotives, trains, or cars,"
state a cause of action.

2.  *Action against railroad company for killing stock; allowing
stock to run at large not contributory negligence.*—The fact
that the owner of stock, in allowing them to run at large, is
guilty of violation of a local statute, making it unlawful for
stock to run at large within the designated territory, does not
preclude such owner from recovering against a railroad for
injury done to said stock within such territory, while running
at large, by defendant's train; and a plea which sets up such
facts, does not show contributory negligence on the part of
the owner of the stock.

3.  *Negligence; liability of railroad for killing stock.*—Where in the
running of a railroad train, the engineer in control of the
engine is competent and is keeping a proper lookout, but does
not and cannot see a mule or other animal on or in danger-
ous proximity to the track, and such animal comes suddenly
thereon so close to the train that the engineer cannot stop
in time to prevent injuring said animal, the railroad company
is not liable for injury done to said animal.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, J. F. Hoge,
against the Southern Railway Co. to recover damages
for the alleged negligent killing of two mules, the prop-
erty of the plaintiff. The complaint contains three
counts, which were in words and figures as follows: 1.
"The plaintiff claims of the defendant corporation three
hundred and 00-100 dollars damage for that on and
prior to the 4th day of July, 1902, the defendant was op-
erating locomotives, cars or trains over and through the
county of Etowah, from Rome, Ga., to Attalla, Ala.;
that on or about said 4th day of July, 1902, the defen-
dant negligently ran its engine, locomotive, cars or
trains over or against two mules of plaintiff, and there-
by killing or disabling them, to the damage of plaintiff
as aforesaid." 2. "The plaintiff claims of the defendant
corporation the further sum of three hundred dollars

as damages for that the defendant corporation negligently ran its locomotive, train or cars over and against two mules of plaintiff, so that it killed or disabled them on or about July 4th, 1902; hence this suit." 3. "The plaintiff claims of the defendant corporation the sum of three hundred dollars and for cause of action, states that on and prior to the 4th day of July, 1902, defendant corporation owned, operated or controlled a railway over and through Etowah county, Ala., from Rome, Ga., to Attalla, Ala., that the defendant corporation used in operating said railway, trains driven by steam locomotive or engines; that on or about said 4th day of July, 1902, defendant, its agents or employees ran its train, locomotive or cars over and against two mules of plaintiff, and thereby killing or disabling said mules, and injuring plaintiff in the sum of three hundred dollars. Plaintiff avers that said injuries resulted from and were caused by the negligence of the defendant, its agents or employees, in the management or control of its locomotives, trains or cars; hence this suit." The defendant separately demurred to each of the counts of the complaint upon the following grounds: 1. It does not aver or show where defendant operated its cars, locomotives or trains. 2. It does not aver or show whether the mules were killed, or disabled. 3. It does not aver or show in what the negligence of defendant consisted. The demurrers to each of the counts of the complaint were overruled. Thereupon the defendant pleaded the general issue, and the following special plea: "2. And for further plea in this behalf defendant says that the alleged injury resulted from the negligence of plaintiff, which said negligence consisted in this: The portion of defendant's track where said alleged injury occurred, was in a stock law district in which mules were by the laws of the State of Alabama, prohibited from running at large, and that at the time said mules were so injured, they were being allowed to run at large in said territory."

To plea No. 2 the plaintiff demurred upon the following grounds: 1. Said plea is no answer to the complaint. 2. The fact that stock was prohibited from

running at large in a district where it was killed, shows no negligence on the part of the plaintiff, so as to prevent his recovering. This demurrer was sustained, and the cause was tried upon issue joined on the plea of the general issue.

The facts of the case are sufficiently stated in the opinion. The defendant requested the court to give, among others, the general affirmative charge in its behalf, and separately excepted to the court's refusal to give said charge. There were verdict and judgment for the plaintiff. Defendant appeals and assigns as error the rulings upon the pleadings, and refusal to give the several charges requested by the defendant.

BURNETT, HOOD & MURPHREE, for appellant, cited *Choate v. So. Ry. Co.* 119 Ala. 611; *Westn. Ry. Co. v. Lazarus,* 77 Ala. 458.

CULLI & MARTIN, *contra,* cited *East Tenn. Va. & Ga. Ry. v. Watson,* 90 Ala. 41; *Cen. of Ga. Ry. v. Wood,* 129 Ala. 483; *A. G. S. Ry. v. McAlpine,* 71 Ala. 545; *Chattanooga So. Ry. Co. v. Wilson,* 124 Ala. 444; *Ala. Mid. Ry. v. McGill,* 121 Ala. 230; *L. & N. Ry. v. Kelton,* 112 Ala. 533.

HARALSON, J.—There was no merit in the demurrer to the complaint, as has in principle been often decided.—*Choate v. Southern Ry. Co.,* 119 Ala. 611.

The demurrer to the plaintiff's 2d plea, was properly sustained.—*A. G. S. R. Co. v. McAlpine,* 71 Ala. 545; *A. G. S. R. Co. v. C. Powers,* 73 Ala. 244; *L. & N. R. Co. v. Kelsey,* 89 Ala. 287.

The evidence shows without conflict, that the track was straight, from a quarter to a half mile in the direction from which the train was coming, to where the mules came on the track; that mule tracks were seen on the right of way of the railroad, also where the animals came on the road's track, and that the mules ran down the track for at least twenty-five or thirty yards. The engineer testified, that he first saw the mules coming toward the track about fifteen or twenty feet therefrom; that it was about forty yards from where he first

saw them before they were knocked off; that the train was running twenty-five or thirty miles an hour, the usual and proper rate of speed; that the engine had the usual oil head-light; and with it he could not see a cow over thirty-five to fifty yards; that after striking the mules he ran twenty-five or thirty yards before stopping; that when first seen, the mules were coming rapidly,—running from the woods, which extended to within seven or eight feet of the right of way of the railroad, shown to be twenty-five feet at that point, from the center of the track, and that it was but a little time after he first saw them, until they were on the track; that the train was equipped with all the appliances for stopping, such as are used on well regulated roads, and these were in good working order; that he was keeping a close look-out, and as soon as he discovered the mules, he put on the air brakes and blew the stock alarm, and that at the time, and at the rate of speed he was running, he could not have stopped the engine in less than seventy-five or one hundred yards. The evidence showed that it was dark and a little rainy.

It is well settled with us, by repeated decisions, that when "a railroad company injures stock by the running of its train in the night time at such rapid rate of speed that it is impossible, by the use of ordinary means and appliances, to stop the train and prevent the injury, within the distance in which the stock upon the track could be seen by the aid of the head-light, is guilty of negligence, which, if it caused the injury, entitled the owner to recovery."—*L. & N. R. Co. v. Kelton,* 112 Ala. 536; *B. M. R. Co. v. Harris,* 98 Ala. 326; *A. M. R. Co. v. McGill,* 121 Ala. 230; *C. of G. R. Co. v. Stark,* 126 Ala. 367.

It is as well settled, that if the engineer is competent and keeping a proper look-out and does not and cannot see the approaching animal on or in dangerous proximity and it comes suddenly thereon, so close to the train that the engineer cannot stop in time to prevent the accident, the company is not liable for the injury done to the animal.—*C. of G. R. Co. v. Stark, supra,* and authorities there cited.

The mules were not on the track when first discovered by the engineer, but he saw them, as he stated, some fifteen or twenty feet therefrom running toward it, and after getting on it, they ran twenty-five or thirty yards. He also stated that on discovering the animals, he immediately used all the appliances of a well equipped railroad, to prevent injuring the animals, and that it was not possible for him to stop before striking them. There is no evidence in contradiction of the engineer's. He was the only person who witnessed the accident. If he is to be believed, it was one of those unavoidable accidents for which the defendant was not responsible, and the general charge requested by defendant should have been given. It is unnecessary to notice other charges to which exceptions were reserved.

Reversed and remanded.