[St. Louis & San Francisco R. R. Co. v. Douglass.]

# St. Louis & San Francisco R. R. Co. v. Douglass.

## Action for Damages for Injury to Stock.

(Decided July 2, 1907.   44 South. 677.)

1. *Pleading; Amendment; Departure.*—Where the original complaint alleged the killing of a mare and mule colt it was not a departure to allege in the amended complaint that the mare was killed and the mule colt was killed or injured.

2. *Appeal; Record; Questions Presented for Review.*—Where several sets of demurrers were filed, one set of which fills the description given in the judgment entry as the demurrers that the court ruled on. this court cannot on appeal review those not shown to have been ruled upon but only those on which the judgment of the court was entered.

3. *Same; Review; Harmless Error.*—Although a demurrer may have been erroneously sustained to a plea, such action of the court is harmless where it appears that the defendant had the benefit of the defense under another plea on which issue was joined.

4. *Railroads; Injury to Animals; Contributory Negligence.*—A plea setting up that the owner of the stock to which injury was done was guilty of contributory negligence in that with knowledge of the existing conditions of the cattle gap he turned the live stock into the lane leading by the same, thus giving them an opportunity to cross it, presents no defense to an action for the killing or injuring of such stock.

5. *Same; Duty to Construct Cattle Guard.*—The provisions of section 3480, Code 1896, are for the protection of land owners against depredation of stock upon their lands; and they have no application where it is sought to recover for the killing or injuring of stock alleged to have resulted from the failure to construct and maintain a stock gap that would prevent such stock from getting on the track or within the enclosure formed by the fencing of the right of way.

6. *Same.*—A railroad company is under no duty to erect and maintain a stock gap to prevent stock from going on its right of way enclosed within a fence or from going on the track.

APPEAL from Walker Law and Equity Court.

Heard before Hon. THOMAS L. SOWELL.

Action by John A. Douglas against the St. Louis & San Francisco Railroad Company.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

This was an action by appellee against appellant to recover damages for the killing of a mare and injuring a mule colt. The amendment and motion to strike are sufficiently set out in the opinion of the court. The complaint as amended contained four counts. The first count was for the negligent killing by one of its engines or train of cars of a mare belonging to the plaintiff and for negligently injuring a mule colt. The second count was in the following language: "Plaintiff claims the further sum of $155, for that, to wit, on the 27th day of July, 1904, defendant was engaged in operating a railroad in and through Walker county, which railroad runs through the field or plantation of plaintiff, and that said railroad had been inclosed by a wire fence through plaintiff's plantation, and that a stock gap had been constructed across said railroad within plaintiff's said plantation, which stock gap it was the duty of defendant to maintain in such manner or condition to prevent the stock of plaintiff from passing over or across the same, and into the inclosure made by defendant's said wire fence inclosing its said railroad. And plaintiff alleges that defendant permitted said stock gap to become filled up, so that stock could and did pass over and across the same, and that on said date plaintiff's said mare and mule colt passed across said stock gap and into the inclosure, and while in said inclosure defendant's agents or servant in charge of one of the trains negligently run the same over the said stock gap and into the inclosure, well knowing that plaintiff's stock would probably be in said inclosure, and would probably be injured thereby. And plaintiff alleges that his said mare was killed, and the said mule colt killed or injured, as a proximate result of said negligence to the damage as aforesaid." The third count was the same as the second down to and including the words "inclosing its said rail-

[St. Louis & San Francisco R. R. Co. v. Douglass.]

road," where they occur together in said complaint, and adds: "And plaintiff alleges that defendant permitted said stock gap to become out of repair, so that plaintiff's mare and colt passed upon or across said stock gap into said inclosure and were run against, and said mare was killed, and said mule colt was killed or injured, by one of defendant's trains in charge of its servants or agents, as a proximate result of such negligence in failing to keep its stock gap in proper repair." The fourth count is similar to the second and third, and alleges the negligence of defendant in failing to construct proper stock gaps or cattle guards, the proximate result of which was the killing or injuring of his stock.

The defendant filed the following special pleas: "(2). For further answer, the defendant says that plaintiff was guilty of negligence, which contributed proximately to the injury, in this, that with knowledge of the existing condition of the cattle gap he turned the mare and colt into the lane leading by said cattle gap and voluntarily gave them the opportunity to cross over the same. (3) For further answer the defendant says that the cause of action is barred by the statute of limitations of one year." The fourth and fifth pleas were also the statute of limitations. The sixth plea was as follows: "For answer to the cause of action set up in the amendment to the complaint, defendant says that it is barred by the statute of limitations for one year."

The evidence tended to support the allegations of the complaint, and at its conclusion the defendant requested the court to give the affirmative charge as to counts 2, 3, and 4, which were refused, and there was judgment for plaintiff, from which this appeal is prosecuted.

BANKHEAD & BANKHEAD, for appellant. The gravamen of the offense is laid in the 2nd, 3rd and 4th counts,

and charges negligence for the improper construction and maintenance of cattle guards. The demurrers interposed thereto should have been sustained.—Sec. 3480, Code 1896; *C. of G. Ry. Co. v. Sturgis,* 43 South. 96; *L. & N. R. R. Co. v. Murphy,* 129 Ala. 432.

SHERER & COONER, for appellee. No brief came to the Reporter.

DENSON, J.—This is a suit to recover damages on account of the negligent killing of a mare, and the negligent killing or injuring of a mule colt. In each of the counts of the complaint, as they originally stood, it was alleged that the mare and colt were killed. By leave of the court (but against the objections of the defendant) the plaintiff was allowed to amend the first three counts of the complaint by striking out the words "and mule colt were killed," and substituting therefor, "mare was killed, and the said mule colt was killed or injured." Substantially the same amendment was allowed to the fourth count. The defendant also moved to strike the amendments, which motion was overruled. The grounds of the motion argued and insisted upon by counsel are that the amendments present a departure from the original complaint; that they set up two, or different, standards for the measure of damages; and that they present a cause of action barred by the statute of limitations of one year. We are, so far as the brief of counsel is concerned, without authority on the questions of departure and measure of damages. It is clear that the amendments leave the plaintiff on the same ground. in respect to his right of recovery, that he originally stood upon. He has not abandoned the facts alleged in the original counts as the foundation for his case, and resorted to others upon which to rest the alleged liability

of the defendant. Evidence that would support the original counts will support them as amended. In short, the amendments make the same case; their only effect being probably to decrease the amount of damages in respect to the colt. So, even in the light of the case of *Nelson v. First National Bank,* 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52, we are of the opinion that the amendments do not work a departure, nor even present a new cause of action. It follows, from the foregoing considerations, that the statute of limitations of one year has no application. The court committed no error in overruling the objections to filing the amendments and the motion to strike.

The defendant demurred to each count of the complaint before any of them were amended. After the objections to the filing of the amendments, and the motion to strike them from the file, were overruled, the judgment entry recites: "Defendant files demurrers to complaint as amended. The same being considered by the court, it is the order and judgment of the court that the demurrers are not well taken, and it is the order and judgment of the court that they be, and they are hereby, overruled and denied." There are demurrers in the record which precisely fill the description given in the judgment entry as the ones the court ruled upon, and we cannot consider any others as having been ruled upon by the court. The ruling of the court on the demurrers to the complaint as amended is not only not insisted upon in the brief of counsel for the appellant, but is not assigned as error.

Special plea 2 presented no defense to the action, and the demurrer to it was properly sustained.—4 Mayfield's Dig. p. 650, sections 626, 627, 628. Special plea 3, on which issue was joined, presents the same defense as plea 6, and the defendant cannot complain, even grant-

ing that the demurrer to plea 6 was erroneously sustained.

At the conclusion of the evidence the defendant requested the general affirmative charge, with hypothesis. as to the second, third and fourth counts of the complaint. Section 3480 of the Code of 1896 has no application to the case at bar and its provisions cannot aid the second, third, and fourth counts of the complaint. The provisions of that statute are for the protection of the landowner against depredations by stock on his land, and the statute has been by this court strictly construed. It can be made efficacious for its purposes only when the owner of the land through which the railroad runs demands the erection of a gap.—*L. & N. R. R. Co. v. Murphree,* 129 Ala. 432, 29 South. 592; *Cent. of Ga. Railway Co. v. Sturgiss,* 149 Ala. 573, 43 South. 96. "A company authorized to build a railroad on land in which it acquires a right of way is entitled to the exclusive use of the road when built for the service of the public. * * .* The laws of the state do not require that a railroad shall be so fenced about and inclosed that domestic animals going at large cannot get upon it. Of course, though, the owners of such uninclosed property would be liable for damages resulting from any violence they should do to live stock straying thereupon, whether produced by acts willfully or only negligently committed. But it does not follow that they must take upon themselves the care or protection of such wandering stock, or that, through fear of doing hurt thereto, they must refrain from using their own premises in a lawful manner, beneficially for themselves. The owners of animals that are turned out to go at large—" in the range "—must bear the loss that may come to them from any mere accident not attributable to the positive miscon-

duct or carelessness of another person."—*Memphis & Charlestos Railroad Co. v. Lyon,* 62 Ala. 71.

The defendant, being under no duty to erect a stock gap to prevent plaintiff's stock from going on its track or within its inclosure, was under no duty to keep up one. The only negligence attributed to defendant by the second, third, and fourth counts is in failing to construct a stock gap that would prevent plaintiff's stock from going on defendant's track and failing to maintain such an one. It is manifest that neither of said counts set forth a substantial cause of action, and that the charges requested in respect to them should have been given. For the refusal to give said charges, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.