# Southern Railway Co. *v.* Dickens.

### *Injury to Stock.*

#### (Decided Dec. 19, 1907.   45 South. 215.)

1. *Pleading; Hearing on Demurrer.*—Where the plea setting up contributory negligence sets out the facts relied on as constituting the negligence, on demurrer thereto, the sufficiency of the facts to show contributory negligence becomes a question of law for the court.

2. *Same; Amendment; New Cause of Action.*—Where the original complaint alleged the crippling of a cow so as to diminish her value, and the amendment alleged that the cow died from her injuries and sought to strike all allegation as to diminution in value, such an amendment was not objectionable as a departure, or as stating a new cause of action.

3. *Railroads; Injuries to Animals; Contributory Negligence.*—The default not being the proximate cause of the accident the failure of the plaintiff to properly maintain fences along defendant's right of way in accordance with a contract between plaintiff and defendant, is not such contributory negligence as will preclude a recovery for injuries to animals that have strayed upon the track.

APPEAL from Mobile Circuit Court.

Heard before Hon. Samuel B. BROWNE.

Action by Charles C. Dickens against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count alleged the negligent killing of a heifer. The second count originally alleged the crippling of a cow so as to diminish her value. This count was amended so as to show that from the injuries received by being run over the cow died, and eliminating the diminution by striking out the allegation. Motion was made to strike the second count of the complaint, because it was filed without leave of court, and because it constituted a departure from the original action.

Special pleas 2 and 3, filed by the defendant, were as follows: "(2) Comes the defendant in the above-enti-

tled cause, and for answer to the second count of the complaint says that plaintiff was guilty of contributory negligence which proximately contributed to his damage, in this: That plaintiff on November 15, 1893, entered into a written agreement with the Mobile & Birmingham Railway Company, by the terms of which said plaintiff agreed and promised for a consideration to maintain at his own cost and expense fences on each side of the track of said Mobile & Birmingham Railway Company passing through plaintiff's land, lying between Chickasabogue Creek and Bayou Sara; and defendant avers that it has succeeded to and become invested with all the franchises, rights, and properties of said Mobile & Birmingham Railway Company, and that said agreement is in force and effect between plaintiff and defendant. And defendant avers that, notwithstanding the duties imposed by agreement on said plaintiff to keep and maintain said fences on each side of defendant's track through plaintiff's land as aforesaid, plaintiff carelessly and negligently, and contrary to his plain duties in the premises, allowed said fences to be and become in an unsafe and unsecure condition, and in some places broken down; and defendant says that, owing to said negligence and careless failure on part of the plaintiff to perform the duty thus imposed on him, said animal, the killing of which is here complained of, got upon defendant's right of way through said insecure fence and was in consequence thereof killed. And defendant avers that said animal got upon its right of way and was killed at or near Cleveland Station, at a place where plaintiff had agreed to maintain said fences. Wherefore defendant says that plaintiff himself, and not defendant, is liable for the killing of such said animal, and the damage complained of." The third plea sets up the contract itself, which is in effect as stated in the second plea.

[Southern Railway Co. v. Dickens.]

The allegations of negligence are the same as in the second plea.

Demurrers were interposed to the second and third pleas as follows: "Said pleas show that the injury complained of was not the proximate result of the alleged contributory negligence. (2) There is no causal connection between the alleged contributory negligence and the injury complained of." These demurrers were sustained, and there was jury and verdict for the plaintiff, and judgment thereon for $35.

· BESTOR, BESTOR & YOUNG, for appellant. The amendment introduced a new cause of action and constituted a departure.—*Nelson v. 1st Nat. Bank,* 139 Ala. 578. Special pleas 2 and 3 constituted perfect defenses to the counts charging simple negligence.—*M. & O. R. R. Co. v. Williams,* 53 Ala. 595. Railroad companies owe to trespassers on its right of way no duties to anticipate or expect them or to keep a diligent lookout for them.— *Bentley v. G. P. Ry. Co.,* 86 Ala. 484; *M. & C. R. R. Co. v. Womack,* 84 Ala. 149. Under the facts in this case the cattle were trespassers.—*Bond v. E. & T. H. R. R. Co.,* 100 Ind. 301; *C. H. & D. R. R. Co. v. Watterson,* 4 Ohio St. 425; *Evans. v. Southern Ry. Co.,* 133 Ala. 482.

FRANCIS J. INGE, for appellee. Appeals from the justice court are tried de novo and a written cause of action is not necessary to trial in the circuit court.—Secs. 488 and 490, Code 1896; 80 Ala. 108; 65 Ala. 465. The court did not err in sustaining demurrers to pleas 2 and 3.—*A. G. S. R. R. Co. v. McAlpine,* 71 Ala. 545; *M. & O. R. R. Co. v. C. M. B. Co.,* 146 Ala. 404; *L. & N. R. R. Co. v. Kelsey,* 89 Ala. 287; *C. of Ga. Ry. Co. v. Martin,* 43 South. 563. The court properly sustained demurrers to the 4th plea. The complaint is ex delicto and the plea

is ex contractu.—*Lowery v. Roland*, 104 Ala. 420; *Marlowe v. Rogers*, 102 Ala. 510; *Whitworth c. Thomas*, 83 Ala. 308.

DENSON, J.—This is a suit by Charles C. Dickens against the Southern Railway Company to recover damages for the alleged negligent killing of a cow, the property of the plaintiff. There were verdict and judgment for the plaintiff, and from the judgment the defendant appeals.

In addition to the plea of the general issue, the defendant filed special pleas 2 and 3, which in effect set up as a defense to the action that the plaintiff was bound by a written contract with defendant, made on a valuable consideration, to maintain at his own cost and expense fencing on each side of the defendant's road where it passed through plaintiff's lands, and that he carelessly and negligently, and contrary to his duty under the contract, allowed the fences to be and become in an unsafe and insecure condition, and in some places broken down, in consequence of which the animal for the killing of which the suit is brought got upon defendant's right of way and was killed. This failure to keep up the fences, it is averred, proximately contributed to plaintiff's damages. The court sustained a demurrer to this plea, on the grounds that the plea fails to show that the injury complained of was the proximate result of the alleged contributory negligence, and that no causal connection between the alleged contributory negligence and the injury complained of is shown. It has been held in some jurisdictions, notably in Ohio (*Cincinnati, H. & D. R. Co. v. Waterson*, 4 Ohio St., 425; *Pittsburg, C. & St. L. Ry. Co. v. Smith*, 26 Ohio St. 124), that where a plaintiff is under contract with a railroad company to build and maintain fences between his lands and a railroad right

of way, and in consequence of his failure to build or maintain such fences his stock wander on the railroad and are killed by its engine, the road cannot be made liable, except upon proof of wantonness or of intentional wrong. The same doctrine is held in Indiana (*Bond v. Evansville, etc., R. R. Co.,* 100 Ind. 301); but in the latter state there is a statute which requires railroads to be fenced. Each of these cases proceeds on the theory that the stock were trespassing on defendant's road at the time of the injury.

The precise question presented has not been determined by our court; but in cases involving the killing of animals in districts wherein stock were by statute prohibited from running at large we have uniformly held that the unlawful act of the owner in suffering them to run at large is no defense to an action for the negligent killing of such animals. This ruling is based on the theory that, "to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury."—*Alabama, etc., R. R. Co. v. McAlpine & Co.,* 71 Ala. 545; *Southern Railway Co. v. Hoge,* 141 Ala. 351, 37 South. 439; *Ensley Mer. Co. v. Otwell,* 142 Ala. 575, 38 South. 89; *Alabama, etc., R. R. Co. v. Powers,* 73 Ala. 244. While the plea avers that the negligence or unlawful act complained of proximately contributed to plaintiff's damages, yet the facts which are relied on as constituting the negligence or unlawful act are set out in the plea; and on the demurrer it became a question of law for the court as to the sufficiency of such facts to show contributory negligence. The plea under consideration does not deny that defendant was negligent; and we can see no difference in principle between holding that the unlawful act of failing to keep the fences up cannot be urged as constituting contributory negligence and holding that the unlawful act of suffer-

ing animals to run at large does not constitute such negligence. The act of the plaintiff in failing to maintain the fences may constitute a breach of the contract; and, although the cow escaped from the plaintiff's land on account of the breach, it cannot be held to have been the moving proximate cause of the death of the animal, and the court did not err in sustaining the demurrer to pleas 2 and 3.—*Mobile & Ohio R. R. Co. v. Christian,* 146 Ala. 404, 41 South. 17, and cases there cited; *St. Louis, etc., R. R. Co. v. Douglas,* 152 Ala. 197, 44 South. 677; authorities cited supra.

The insistence that the amendment of the complaint, by averring that the cow was killed, constituted a departure, is untenable.—*St. Louis, etc., R. R. Co. v. Douglas, supra.*

We have considered all of the grounds of error insisted upon, and, having found no error, the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.