(75 South. 410)

CENTRAL OF GEORGIA RY. CO. v. BOSWELL. (4 Div. 704.)

(Supreme Court of Alabama. April 26, 1917.)

RAILROADS ☞439(1) — OPERATION—KILLING DOG — CONTRIBUTORY NEGLIGENCE—PLEADING.

In action for death of a dog on the track of defendant railroad, the railroad's plea of contributory negligence, in that plaintiff tied the dog to a block of wood and that the dog getting on the track jammed the block between the rails so that it could not escape, was insufficient as a plea of contributory negligence, since it did not show an unlawful act or breach of duty as the moving proximate cause of the animal's death.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1551, 1553, 1554, 1564, 1565.]

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action by R. F. Boswell against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals. Affirmed.

Suit by the appellee against the appellant for the recovery of damages for the death of a dog owned by plaintiff, alleged to have been negligently killed by the defendant while running along the line of track of said railway. The defendant pleaded the general issue and also special pleas of contributory negligence. Plea 2 is as follows:

"(2) That at the time the dog for the killing of which this suit is brought was killed, the plaintiff was guilty of negligence which proximately contributed to the killing of the dog, in this, had it blocked, and that it escaped from or got out of the premises of the plaintiff and strayed on the railroad track, and that, while it was so straying on said railroad track, the block which was fastened or attached to said dog got fastened or hung in the cross ties or timber in said railroad track, and was killed while it was so fastened or hung in said ties of said railroad track, and that the owner of said dog, the plaintiff in this case, by reason of the blocking of said dog and its escaping and getting on and fastened or hung to said ties or timber of said railroad track, was guilty of contributory negligence, which proximately contributed to the killing of said dog, and that but for the fact that said dog was fastened or got hung to said cross-ties or timbers of said railroad track said dog would not have been killed, wherefore plaintiff is not entitled to recover in this case."

Plaintiff demurred to said plea on the ground of failure to make out a case of contributory negligence, and also because it fails to show that plaintiff did anything which he ought not to have done, or failed to do anything which he ought to have done which contributed to the injury complained of. The demurrers were by the court sustained. There was verdict and judgment for the plaintiff for $50, and defendant prosecutes this appeal.

G. L. Comer, of Eufaula, for appellant. R. E. L. Cope and E. L. Blue, both of Union Springs, for appellee.

GARDNER, J. The question of importance on this appeal is presented in the ruling of the court sustaining the demurrers of the plaintiff to the defendant's plea of contributory negligence set out in the foregoing statement of the case.

In Southern Ry. Co. v. Dickens, 153 ·Ala. 283, 45 South. 215, the defendant railway interposed, as a defense to a suit of similar character as that here considered, a plea of contributory negligence, in that the plaintiff had breached his contract in regard to maintaining a fence on each side of defendant's roadbed where it passed through the defendant's land, which said contract was in writing based on a valuable consideration; the plea alleging further that the plaintiff carelessly and negligently, and contrary to his duty under the contract, allowed the fence to become insecure and broken down, in consequence of which the animal which was killed got upon the right of way, and that such failure on the part of plaintiff proximately contributed to the plaintiff's damage.

In discussing the sufficiency of this plea, the court, after referring to those cases where it had been held that the fact that the owner of the stock unlawfully suffered them to run at large in what is commonly referred to as "stock law districts" was no defense to an action for the negligent killing of such animals, said:

"The plea under consideration does not deny that defendant was negligent; and we can see no difference in principle between holding that the unlawful act of failing to keep the fences up cannot be urged as constituting contributory negligence and holding that the unlawful act of suffering animals to run at large does not constitute such negligence. The act of the plaintiff in failing to maintain the fences may constitute a breach of the contract; and, although the cow escaped from the plaintiff's land on account of the breach, it cannot be held to have been the moving proximate cause of the death of the animal, and the court did not err in sustaining the demurrer to pleas 2 and 3."

See, also, L. & N. v. Christian Moerlein Brew. Co., 150 Ala. 390, 43 South. 723; L. & N. R. R. Co. v. Kelsey, 89 Ala. 287, 7 South. 648; M. & O. R. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 South. 17; Ensley Merc. Co. v. Otwell, 142 Ala. 575, 38 South. 839, 4 Ann. Cas. 512; St. L. & S. F. R. R. Co. v. Douglass, 152 Ala. 197, 44 South. 677; A. G. S. R. R. Co. v. McAlpine & Co., 71 Ala. 545; So. Ry. Co. v. Hoge, 141 Ala. 351, 37 South. 439.

It is to be noted in the instant case that no unlawful act is charged to plaintiff, nor breach of any duty, nor indeed, when the facts set up in the plea are considered, is any negligent conduct shown on the part of the plaintiff. Clearly none, however, which can be said to be shown to have been the moving proximate cause of the death of the animal. We are of the opinion that under the

principle of the above-cited cases the plea was insufficient and the demurrer properly sustained.

When properly construed, it may be seriously questioned that the case of Guess v. So. Ry. Co., 30 S. C. 163, 9 S. E. 18, relied on by counsel for appellant, is in conflict with the conclusion here reached. Should it be construed, however, to the contrary, that authority must be held out of harmony with the foregoing cases, and therefore not to be followed by this court.

It results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.